IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAYMOND HERNANDEZ-ALBINO : CIVIL CASE NO. 00-1600/HC/
        Petitioner
                                                       : CRIMINAL CASE NO. 97-0099

Vs. :
                                                       [Hector M. Laffitte, J.]

UNITED STATES OF AMERICA
        Respondant : Pro-Se

MOTION FOR BAIL UNDER 18 U.S.C. § 3143(b)
PENDING REVIEW OF SENTENCE 18 U.S.C. § 3742(a)(2)

    Petitioner reminds the court that he is a pro-se litigant and asks this court to hold him to a more liberal standard than a practicing Professional, and Petitioner asks that the court will consider substance over form. Should Petitioner have provided or used the wrong or improper form, Petitioner asks that the court will consider the merits of the matter presented here in the form necessary to maximize the workings of essential justice by virtue of the substance of the issues. Petitioner also asks this Honorable Court to consider the limited Resources of the law library at this camp, since we do not have a Shepardizing book to help Petitioner achieve more precedent cases from our Circuit and though Petitioner Pro-se attempts to be thorough, any dificiencies in supporting case law is due to these limited Resources.

To the Honorable Court:

    COMES NOW, Petitioner Raymond Hernandez-Albino (herein after "Petitioner") Pro-Se, respectfully alleges and prays:

1.   That on April 20, 1998, Petitioner was sentenced to 181 months (15 Years and 1 month), of imprisonment. Petitioner hereby request for Bail pending The Review of Sentence, that Petitioner has submitted to the District Court, Pursuant to 18 U.S.C. § 3742(a)(2), for the following reasons:

A.   THE STANDARD FOR BAIL PENDING APPEAL IN THE DISTRICT COURT.

2.   In United States vs. Bayko, 774 F.2d 516, (1st. Cir. 1985), The court of appeals adopted the "substantial question" standard articulated by other circuits at the time and which governs application for bail pending appeal. In Bayko, the court of appeals for the First Circuit stated that 18 U.S.C. § 3143(b), should be read to require that the issue(s) being appealed "be a 'close' question or one that very well could be decided the other way." Id. at 522. The court of appeals also made clear that the substantial question test should be so restrictively construed as to condition bail pending appeal "on a finding by the District Court that it is likely to be reversed." Id. at 522-23. Rather, the requirement that the issue be one "likely to result in reversal" demands only a finding that <u>if</u> the issue is resolved in the Petitioner's favor, it would require reversal, i.e., that the alleged error not be harmless or waived. Id at 522. Petitioner Raymond Hernandez-Albino, contends that the record discloses several close questions which could result in Petitioner's sentence being reversed.

3.   The question which the court should consider is the arguments presented at the sentencing hearing regarding sufficiency

of the evidence and regarding drug identity and quantity. Petitioner respectfully refers the court to the sentencing hearing wherein this was litigated and extensively discussed. If the court recalls, Petitioner's principal objection to the Presentence Report was that it reflected that the appropriate mandatory minimum was ten years. Petitioner argued that, because there were no drugs and this was a reverse sting operation, that the government had failed in it's burden to prove his culpable knowledge of the exact drug quantity. In that void, Petitioner unsuccessfully argued, the court was mandated to sentence Petitioner in accordance with offense level 12, not 32. It cited, among other authorities, United States vs. Charlarca, 95 F.3d 238 (2nd. Cir. 1996), and United States vs. Pion, 25 F.3d 18, 25n. 12 (1st. Cir. 1994). The court was unconvinced, though, that there was no mandatory minimum and that maximum sentence applicable was twenty years. Petitioner contends that these arguments are close questions which now could result in a reversal of Petitioner's sentence.

4. This court need not determine that Petitioner's conviction is likely to be reversed within the District Court. This court need only find that a "close question" has been raised in Petitioner's appeal within the District Court's review of sentence Pursuant to 18 U.S.C. § 3742(a)(2). Petitioner feel's that since he satisfies the close question test, Bail is appropriate.

B. SECTION 3143(b) DOES NOT MANDATE THAT RAYMOND HERNANDEZ-ALBINO REMAIN INCARCERATED, BECAUSE EXCEPTIONAL CIRCUMSTANCES MITIGATE AGAINST IT.

5. Petitioner's case falls within the so-called "mandatory detention" provision of the Bail Reform Act. Under 3143(b)(2), the court must deny bail pending an appeal to Petitioner's who are convicted of a crime listed in Section 3142(f)(1)(A-C), unless the Petitioner can show "exceptional reasons" why he should be treated differently. 18 U.S.C. § 3145(c), Petitioner asserts that he has "exceptional reasons" to be released on bail pending Appeal within the District Court.

6. Congress intended to reverse the presumption in favor of bail, but did not intend to eliminate it. The legislative history of 18 U.S.C. § 3143(b)(2) indicates "that although denial of bail after conviction is frequently justified, the current Statute incorporates a presumption in favor of bail, <u>even after conviction</u>. It is the presumption that the committee wishes to eliminate in 3143." 1984 U.S.C.C.A.N. 1, 29 [emphasis ours]

7. A defendant seeking release pending appeal has the burden of establishing that he or her will not flee or pose a danger to the community. 18 U.S.C. § 3143(b)(1)(A). In the instant case, Petitioner poses no danger to the community and as a result of his history with the Pre-trial Services Offices and with The Bureau of Prisons, this court can confidently conclude that Petitioner will not pose any danger to the community by commiting criminal acts. Hence, Petitioner's history with the Pre-trial Services Offices constitutes clean and convincing evidence that Petitioner will not flee. Additionally, the nature of the crime charged and for which Petitioner stands convicted,

indicates that Petitioner does not and will not pose a danger to the safety of any person in the community. The firearm for which Petitioner stands convicted, is a firearm for which Petitioner maintained a current license, and with a license to carry 24-7, alone states the fact that Petitioner does not pose any danger to the safety of any person in the community. The firearm was confiscated and is now within the governments possession.

8. Petitioner respectfully points to the needs of his children. Their seperation from Petitioner has caused severe problems for them and constitutes the type of circumstances that would allow the court to consider granting bail pending the appeal within the District Court. Petitioner respectfully requests that the court re-reads the letters annexed at sentencing, which expressly indicated that Peititoner's children not only depend on him for economic support, but also for emotional and psycological sustance. The letters made it abundantly clear. These letters and others like them moved the court at the sentencing hearing on April 20, 1998, and stated that Petitioner had a history of being an exceptional parent although Petitioner's children are the result of different relationships. Although the court was not inclined to grant a downward departure for this ground, it certainly can consider the same evidence to consider whether his children's anxieties constitute an exceptional circumstances allowing bail under § 3145(c). See <u>United States vs. Mitchell</u>, 23 F.3d 1, 2 (1st. Cir. 1994)(per curiam)(noting family circumstances were recognized as "exceptional circumstances" under § 3145(c).

9. Petitioner, as the letters indicated at sentencing of April 20, 1998, has four children, Christina now 23, Raymond, 16, Yarelys, 14 and Raven, 10, had expressly indicated in a heartbreaking letter to the court, that their seperartion from their father is devastating to them. Obviously, the seperation continues to be devastating. Petitioner simply asks that he be allowed to re-unite with his family while Petitioner's appeal within the District Court is being prosecuted. The court should understand that Petitioner is not using his children as a ruse to get out of jail. The court made it clear that it was very impressed with the devotion Petitioner has for his children. The Honorable Judge mentions at sentencing, (ST. April 20, 1998, pg. 64, L. 15-19):

> And my eye was caught by two letters, from his former wife and his present consensual spouse. Normally those things, they don't match that neatly, that snugly, and all of them talking about the qualities of this defendant.

Also The Honorable Judge mentions, (ST. April 20, 1998, pg. 65, L. 23-25):

> And then I have a really heart tearing letter from your daughter Christina. That's the best letter written of all those letters.

Petitioner just wanted the Honorable Judge Laffitte to know that Christina, with the heart tearing letter that she submitted at sentencing, is now a beautiful young lady and ahe is graduating from York College in New York on The 3rd. of June and all of Petitioner's children will attend and would

(6)

plead to this Honorable court to grant Petitioner the privilege to attend Christina M. Hernandez-Reyes, graduation by honoring the Petitioner the privilege of obtaining bail.

Nothing on the record contradicts the fact that if Petitioner would have his sentence reviewed in his 18 U.S.C. § 3742(a)(2) motion, the Honorable Judge could acknowledge that the facts are very clear and convincing, and would grant Petitioner bail pending the appeal within the District Court.

Petitioner has been incarcerated for under 8 years, (about 90 months) and if the motion for Review Of Sentence Pursuant to 18 U.S.C. § 3742(a)(2) was granted, Petitioner could be re-sentenced to serve a sentence of 70 thru 76 months and it would be time served.

Petitioner would like the court to be aware of the following:

A. Petitioner is presently incarcerated at The Federal Prison Camp, Schuylkill.

B. Petitioner custody level is "out custody" meaning that this facility has no fence around it.

C. Petitioner has never received an incident report.

D. Petitioner has participated in all the programs that he has been assigned to.

E. Petitioner has a clear conduct and record in the Federal Bureau of Prisons.

WHEREFORE, PETITIONER RAYMOND HERNANDEZ-ALBINO, respectfully request that this Honorable Court grant Petitioner bail pending the Appeal within the District Court based on the foregoing arguments.

(7)

At Schuylkill, Pennsylvania, 23rd. day of May, 2005.

Respectfully Submitted,

Raymond Hernandez-Albino
Reg. No. 14736-069 C-2/B-15
FPC Schuylkill
P.O. Box 670
Minersville, PA. 17954-0670