Raymond Hernandez-Albino
Reg. No. 14736-069 C-2/B-15
FPC Schuylkill
P.O. Box 670
Minersville, PA. 17954-0670

RECEIVED AND FILED

2005 AUG 18 PM 1:43

CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

Date: August 8, 2005

Honorable Judge Hector M. Laffitte, J.
United States District Court
District of Puerto Rico
Federal Building
Hato Rey, Puerto Rico 00918

Honorable Judge of the District Court,

    Kindly accept this supplemental Memorandum of law on behalf of Petitioner Raymond Hernandez-Albino.

    This motion is brought pursuant to Fed. Rule of Civ. Proc. 60(b)(6). The purpose of this application is to raise claims of constitutional error that Habeas counsel should have raised, but failed to do so. Gonzalez v. Crosby, Docket No. 04-6432 (S.Ct. 2005); Harris v. United States, 367 F.3d 74, 80-81 (2nd. Cir. 2004). This memorandum is to bring the Gonzalez opinion to the attention of the court while considering this motion.

    As noted in my moving papers, my trial counsel violated his obligation to provide me with effective assistance of counsel. The decision in my trial not to testify was critical to the outcome, my trial attorney walked into court believing I would testify (Despite the fact that counsel did not prepare me); clearly lacked his lack of understanding of the Rules of Evidence, and finally, displaying his inept conduct to my entire family. The counsel I engaged to handle my first Habeas Corpus (Peter Goldberger) did not raise this issue so important in that petition. The right to testify or not testify was a critical matter in my case, because the trial attorney's defense Strategy was the "wrong place at the wrong time," I was the only witness that could have explained that to the jury.

    There is no explanation of why my lawyer did not raise this

(1)

matter in the Habeas Petition. Accordingly, it is respectfully that my case falls within the narrow exceptions outlined in Justice Scalias's opinion.

Respectfully,

*[signature]*

Raymond Hernandez-Albino