UNITED STATES DISTRICT COURT
THE DISTRICT OF PUERTO RICO          X
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

RAYMOND HERNANDEZ-ALBINO
                    Petitioner

          Vs.

UNITED STATES OF AMERICA
                    Respondent      X
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

AFFIDAVIT IN SUPPORT OF MOTION
TO VACATE JUDGMENT PURSUANT TO
FED. R. CIV. P. RULE 60(b)(6)

CIVIL CASE NO.

CRIMINAL CASE NO. 97-0099(HL)

State of Pennsylvania          )
County of Schuylkill           )

          RAYMOND HERNANDEZ-ALBINO, being first duly sworn,
deposes and says:

          1. I am Petitioner in the above captured matter.

          2. Annexed hereto are true copies of pages 1-9 of the
transcript of proceedings on November 17, 1997. Also annexed
hereto are true copies of the cover page and the certification
of the shorthand stenographer.

          At Schuylkill, Pennsylvania 12th. day of July, 2005.

                              Respectfully Submitted,

                              ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                              Raymond Hernandez-Albino, Pro-Se
                              Reg. No 14736-069 C-2/B-15
                              FPC Schuylkill
                              P.O. Box 670
                              Minersville, PA. 17954-0670

          Sworn to before me on this ___12___ day of July, 2005.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
William E. Rasinger, Notary Public
Minersville Boro, Schuylkill County
My Commission Expires Mar. 20, 2006
Member, Pennsylvania Association of Notaries

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


| | |
|---|---|
| UNITED STATES OF AMERICA, | * CRIMINAL NO. 97-99 (HL) |
| Plaintiff, | * |
| vs. | * San Juan, Puerto Rico |
| RAYMOND HERNANDEZ ALBINO, | * November 17, 1997 |
| Defendant. | * 9:15 a.m. |

------------------------------- *

FOURTH DAY OF JURY TRIAL

BEFORE THE HONORABLE HECTOR M. LAFFITTE,
UNITED STATES DISTRICT COURT JUDGE


APPEARANCES

COUNSEL FOR THE GOVERNMENT

JOHN TEAKELL, ESQ.
DOROTHY FERRER, ESQ.
Assistant United States Attorneys

COUNSEL FOR DEFENDANT

EDGAR VEGA, ESQ.

*Prejudicial grounds for new trial on prosecutor misconduct* [handwritten annotation]

BARBARA DACHMAN, RPR, OCR
(787) 722-0132
barbarad@prtc.net

1

## INDEX

2

GOVERNMENT'S CLOSING ARGUMENT.............. Page 10
DEFENDANT'S CLOSING ARGUMENT............... Page 26
GOVERNMENT'S REBUTTAL CLOSING ARGUMENT..... Page 42
DEFENDANT'S RULE 29 MOTION................. Page 55
JURY INSTRUCTIONS.......................... Page 56
VERDICT.................................... Page 86

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

BARBARA DACHMAN, RPR, OCR

1     THE COURT:  Good morning.

2         Yes, counsel, I will hear you.

3         MR. VEGA:  If I may, your Honor.

4     Just as --

5         THE COURT:  Let me call the case first.

6         THE COURT CLERK:  Criminal Case 97-99; United

7  States of America v. Raymond Hernandez Albino, for further

8  jury trial, and the attorneys are the same attorneys as

9  last Friday.

10        MR. VEGA:  Yes, your Honor.  If I may.  Good

11  morning.

12        THE COURT:  Good morning.

13        MR. VEGA:  Attorney Edgar Vega for the record on

14  behalf of Mr. Raymond Hernandez Albino.

15        Your Honor, just as a cautionary matter, I want to

16  submit to the Court or to anticipate to the Court that my

17  client will be taking the stand concerning some

18  biographical data or facts concerning where he was born,

19  his family, his academic preparation, and also he will go

20  over some explanation of how he bought his house.

21        But that the defendant is not going to talk anything

22  on the direct examination about the facts of the case which

23  occurred on April 23rd.  He will waive his constitutional

24  right to remain silent on those matters covered or under

25  the direct examination, or any other matter reasonably

BARBARA DACHMAN, RPR, OCR

1    related to the direct.

2        Just as a cautionary matter, I want to anticipate

3    this because we will object any question from the

4    Government out of the scope of the direct, pretending, in

5    front of the jury, to talk about the facts occurring on

6    April 23rd which could compel my client to raise his Fifth

7    Amendment right concerning the facts of April 23rd.

8        We are not going to talk anything about the facts

9    which occurred on April 23rd.  We are not going to ask

10    about cellular phones, we are not going to ask about the

11    presence of my client at the hotel, and according to Rule

12    611 we will be requesting the Court to limit the

13    cross-examination to the extent of the direct or to any

14    other matter of credibility reasonably related to the

15    direct examination.

16        And just as a cautionary matter, we submit that to

17    the Court because of the effect that compelling my client

18    to be raising his Fifth Amendment right in front of the

19    jury could have.

20            **THE COURT:**  Let me hear from the Government.

21            **MR. TEAKELL:**  May it please the Court, your

22    Honor.

23        Maybe I am just used to practicing in the Fifth

24    Circuit, but I did not think that the defendant could build

25    a wall like that; take the stand and then want to be asked

1  certain questions and then not be asked other questions.    I
2  did not think that was proper, I do not think it is proper
3  under the law.
4       And secondly, if allowed to testify, the cooperating
5  defendant Orlando Ramirez would say that the defendant had
6  lent him money before on different occasions; he has known
7  him to be a money lender.
8       Additionally, the defendant, through some of his
9  witnesses and possibly through some of my questioning of
10  the defendant's witnesses, opened the door, so to speak,
11  when they were testifying last week, late last week, about
12  the defendant's occupation and other sources of income.
13            THE COURT:  And reputation.
14            MR. TEAKELL:  Sir?
15            THE COURT:  And reputation.
16            MR. TEAKELL:  And reputation, yes, sir.
17            THE COURT:  Well, Mr. Vega, it seems to me that
18  the Government can certainly have the right to impeach the
19  credibility of your witness, because once he takes the
20  stand he becomes a witness like anybody else.  And he can
21  be asked matters about his reputation because he put his
22  reputation at issue in this case, and I think that the
23  Government can enter into the area of impeachment.  There
24  is a witness who testified that -- and there is evidence
25  right in the record -- who testified about his conduct and

1  actions on the day in question.

2       So I don't know whether the Government can be tied up

3  to that direct, because once he takes the stand, his

4  credibility is at issue also.

5       MR. VEGA:  Yes, your Honor.  At this point, then,

6  your Honor, I need to confer with my client because --

7       THE COURT:  Well, let me say this, because I want

8  your client to listen to this.

9       Your client has the right to testify, absolute right

10 to testify.  He does have the absolute right not to

11 testify, and his decision whether to testify or not is

12 completely voluntarily.  And once he makes the decision, I

13 am going to have that decision on the record.  From him.

14 From the defendant.

15      MR. VEGA:  If I may, I want to add also to that,

16 your Honor, that the decision to take the stand or not is

17 up to the defendant, not the lawyer.  The lawyer just

18 recommends.

19      But, your Honor, I beg from the Court a five-minute

20 recess to talk with my client --

21      THE COURT:  Certainly.

22      MR. VEGA:  -- about this delicate --

23      THE COURT:  But I want to put it on the record

24 because I have had cases where the defendant doesn't take

25 the stand, and then three years from now he comes and he

1   says, "Well, my lawyer prevented me from taking the stand."

2   If he is not going to take the stand, he has to tell

3   me on the record whether he is doing it willingly, without

4   any threat or coercion.

5   In the same way, if he takes the stand, it's because

6   he wants to take the stand, not because anyone has coerced

7   him.  I mean, it's his own decision.

8   Very well, I give you five minutes.

9   MR. VEGA:  Thank you.

10   (Whereupon, a short recess is taken.)

11   MR. VEGA:  If I may, your Honor.

12   THE COURT:  Yes.

13   MR. VEGA:  Attorney Edgar Vega for the record.

14   After having consulted with my client, after having

15   talked to his brother, his wife, his father, the defendant

16   has decided not to take the stand and remain in silence.

17   I will request from the Court to examine my client on

18   this matter.

19   THE COURT:  Very well.  Please stand up.

20   (Whereupon, the defendant stands.)

21   THE COURT:  Your counsel has indicated to the

22   Court that after fully discussing this matter with you and

23   your family during the recess that I granted at his request

24   to discuss this matter, that you have decided not to take

25   the stand.  Is that -- in your defense.  Is that so?

BARBARA DACHMAN, RPR, OCR

1        THE DEFENDANT:  Yes, your Honor.

2        THE COURT:  And you have been fully aware that

3    you have the right to do so if you wish to do so.

4        THE DEFENDANT:  Yes, your Honor.

5        THE COURT:  Very well.  You may be seated.

6        THE DEFENDANT:  Thank you.

7        MR. VEGA:  Then we are ready to proceed.

8        Your Honor, the only thing I want to submit is --

9    although Minerva told me that the first identification was

10   admitted as exhibit, right?

11       THE COURT CLERK:  Yes, you have one exhibit,

12   Exhibit A.

13       MR. VEGA:  So we are ready to proceed, your

14   Honor.

15       THE COURT:  So we have to bring the jury in and

16   you have to tell the jury that you are resting your case.

17       MR. VEGA:  Yes, your Honor.

18       THE COURT:  Mr. Teakell, did you submit your

19   instructions that I requested, the ones that I requested

20   from you?

21       MR. TEAKELL:  Your Honor, I had them here this

22   morning and I realized that there were corrections that

23   needed to be made, so I gave them to my secretary a little

24   while ago and she will do it.  I will have them shortly.

25       THE COURT:  How much time will you need for the

1  closing, counsel?

2          **MR. VEGA:**  How much what, your Honor?

3          **THE COURT:**  Time, time.

4          **MR. VEGA:**  For the closing?  I guess about an

5  hour.

6          **THE COURT:**  Fine.

7          (Whereupon, the jury enters the courtroom.)

8          **THE COURT:**  Good morning, ladies and gentlemen of

9  the jury.  I hope that you have had a restful weekend and

10 that now you are ready to proceed.

11     Mr. Vega.

12         **MR. VEGA:**  Yes, your Honor.  Good morning.

13     The defense rests, your Honor.

14         **THE COURT:**  Very well.

15     Now that the presentation of evidence has concluded,

16 now it's time for summation.

17     As you recall during my preliminary instructions, I

18 told you that argument of counsel is not evidence; that the

19 purpose of summation is to analyze the evidence and to try

20 to have you draw the inferences that counsel wants you to

21 draw that are most favorable to their cases, respective

22 cases or positions, and to point out to you matters that

23 otherwise might escape your notice.

24     If there is any discrepancy in your minds about what

25 counsel says and what you think the evidence is or remember

### REPORTER'S CERTIFICATE

1
2        I, **BARBARA DACHMAN**, Official Court Reporter in
3   the United States District Court for the District of Puerto
4   Rico, appointed pursuant to the provisions of Title 28,
5   United States Code, Section 753, do hereby certify that the
6   foregoing is a true and correct transcript of the
7   proceedings had in the within entitled and numbered cause
8   on the date hereinbefore set forth; and I do further
9   certify that the foregoing transcript has been prepared
10  under my direction.
11
12
13
14
15              _Barbara Dachman_
16              BARBARA DACHMAN
17
18
19
20
21
22
23
24
25

BARBARA DACHMAN, RPR, OCR

## AFFIDAVIT

STATE OF NEW YORK     )
COUNTY OF KINGS      )  SS:

    **Jesus Hernandez-Pagan,** being of full age duly sworn according to law upon oath, deposes and says:

    1) I'm Raymond Hernandez-Albino's father and we have maintained a relationship all of our lives.

    2) In the morning of November 17, 1997, I was present for my son's trial. I was there when Mr. Vega asked the Judge to please give him 5 minutes, in order to talk to my son and the rest of the family, about whether he should take the stand.

    3) Mr. Vega mentioned in front of the family as he was going to testify, that my son was not ready to testify. Then recommended that my son, Raymond Hernandez-Albino, should not take the stand, because my son was not prepared to testify.

    4) This conversation happened just outside the court room, where all the family reunited together which were, Vidal Cortez-Nieves, Millitza Cortez-Maldonado, Paula Torres-Velez, Daniel Hernandez-Valladares, Jesus Hernandez-Albino and Victor Hernandez-Pagan.

    5) As we returned to the court room and my son addressed himself to the Honorable Judge, waiving his right to testify, I noticed that my son Raymond Hernandez-Albino, was very upset, because he wanted to have the opportunity to give his story to the jury.

I

I'm fowarding this affidavit to the Honorable Court in the interest of justice and signed below in the presence of a Notary Public as required for this attestation.

_Jesus Hernand_

Jesus Hernandez-Albino

Sworn and Subscribed before me on this ___11th___ day of ___July___, 2005.

_Arman Ohevshalom_

**ARMAN OHEVSHALOM**
Notary Public, State of New York
No. 01OH6128074
Qualified in Kings County
Commission Expires June 06, 2009

Notary Public of _____  07 - 11 - 2005

II