## AFFIDAVIT



COMMONWEALTH OF PUERTO RICO ) 
CITY OF FLORIDA ) SS: 
)

    **Millitza Cortez-Maldonado,** being of full age, duly sworn according to law upon oath, deposes and says:

    1) I have known my common-law husband, Raymond Hernandez-Albino, since we were children.

    2) The morning of November 17, 1997, I was at The United States District Court of Puerto Rico, attending the trial of at the time my common-law husband Raymond Hernandez-Albino.

    3) I was there present when Mr. Vega asked the Honorable Judge, to please give him five (5) minutes in order to talk to his client Raymond Hernandez-Albino and his family, about whether or not his client should testify.

    4) I was present when Mr. Vega mentioned to Raymond Hernandez-Albino and the rest of the family, that Raymond was not ready to testify. I asked Mr. vega: Why not? Mr. Vega only mentioned that Raymond was not ready to testify.

    5) All this conversation took place just outside of the court room, where I was there along with my father Vidal Cortez-Nieves, Jesus Hernandez-Pagan, Paula Torres-Velez, Daniel Hernandez-Valladares, Jesus Hernandez-Albino, Victor Hernandez-Pagan and a friend of the family at which I can't recall his name.

(I)

6) As we returned to the court room, I noticed that Raymond Hernandez-Albino, addressed himself to the Honorable Judge, in order to waive his right to testify. I noticed that Raymond was very upset, because the night before he was only talking about how he would win his trial, when the jury heard his truthfull story.

7) After Raymond Hernandez-Albino lost his trial, I went to visit him at Guaynabo, Puerto Rico, and his trial attorney Mr. Vega was there as he approached our table. He mentioned that he was very sorry because of his ineffectiveness at trial, but that he was going to help Raymond at his best, since he was not aware of what an ALLEN charge was and he would hate to see such a beautiful family go to waste.

Here I'm fowarding this affidavit to the Honorable court, in the interest of justice and signed below in the presence of a Notary Public as required for this attestation.

_____
Millitza Cortez-Maldonado

Aff: 17,307

**Sworn and Subscribed before me on this __2__ day of august, 2005.**

_____
NOtary Public of Commonwealth of Puerto Rico
Permanent Comm.
Licence 8870

*Lcda. María L. Pérez Vargas*
ABOGADA - NOTARIO
CALLE RAMON TORRES # 77
FLORIDA, PUERTO RICO 00650



MARIA LUISA PEREZ VARGAS
ABOGADA NOTARIO

# AFFIDAVIT

COMMONWEALTH OF PUERTO RICO  )
CITY OF FLORIDA              )  SS:
                             )

    **Vidal Cortez-Nieves**, being of full age, duly sworn according to law upon his oath, deposes and says:

1) I have known my son in-law Raymond Hernandez-Albino, since he was a baby.

2) On November 17, 1997, when my son in-law was about to testify in his trial, I was present.

3) Mr. Vega, asked the court to please give him five (5) minutes in order to talk to his client Raymond Hernandez-Albino and his family, about whether or not Raymond would testify at his trial.

4) Mr. Vega mentioned to Raymond and the rest of the family, that he was not ready to testify. I told Mr. Vega, that how could he say that when Raymond has never been in trouble with the law and his clean record and good character is a good reason why Raymond should take the stand, so the jury could hear his side of the story. Mr. Vega only mentioned that Raymond was not prepared to take the stand.

5) All of this conversation took place just next to the courtroom, where along by my side was, Jesus Hernandez-Pagan, Paula Torres-Velez, Millitza Cortez-Maldonado, Jesus Hernandez-

Albino and Victor Hernandez-Pagan, Daniel Hernandez-Valladares.

6) I did notice that Raymond was not himself, he seemed a little upset of what his attorney made him do and I know that he wanted to say his side of the story in front of the jury.

I'm fowarding this affidavit to the Honorable court in the interest of justice and signed below in the presence of a Notary Public as rquired for this attestation.

_____
Vidal Cortez Nieves

Sworn and Subsribed before me on this __4__ day of __august__, 2005.

Notary Public of __Puerto Rico__

#: 17,322   Permanent Comm Licence 8870

Lcda. María L. Pérez Vargas
ABOGADA - NOTARIO
CALLE RAMON TORRES # 77
FLORIDA, PUERTO RICO 00650

(II)

# AFFIDAVIT

| | |
|---|---|
| COMMONWEALTH OF PUERTO RICO ) | |
| CITY OF FLORIDA ) | SS: |
| ) | |

    **Paula Torres-Velez,** being of full age, duly sworn according to law upon her oath, deposes and says:

    1) I have known Raymond Hernandez-Albino, since 1983, when he returned to live in Puerto Rico.

    2) I was in the Federal Building Court house, on November 17, 1997, when Raymond was in process of trial.

    3) I re-called when the Honorable Judge asked Mr. Vega if he had anymore witnesses to present. Mr. Vega said, that if the Honorable Judge could please allow him a five minutes recess, in order to talk to his client about if he was going to testify.

    4) The family got together just outside the court room and Mr. Vega just said that Raymond was not ready to testify and I was also thinking about what Vidal told Mr. Vega, about that why shouldn't Raymond testify, when he has always had a clean record and a good character and that that is what the jury wants to hear. Mr. Vega just said that Raymond was not ready to testify, or in other words I took it as Mr. Vega never did prepare Raymond to testify in front of the jury.

    5) The family that was right there next to the court room was also wondering why shouldn.t Raymond testify, they were Jesus Hernandez-Pagan, Jesus Hernandez-Albino, Daniel Hernandez-Valladares, Vidal Cortes-Nieves, Millitza Cortez-Maldonado

(I)

and Victor Hernandez-Pagan.

6) Raymond Hernandez-Albino, did sound a little upset when he directed himself to the Honorable Judge, because that was all he kept saying during the week-end, that the jury had to hear his side of the story. But thanks to Mr. Vega's final decision Raymond is sitting in prison without knowing what would've happened if the jury would have heard his story.

I'm fowarding this affidavit to the Honorable court in the interest of justice and signed below in the presence of a Notary Public as required for this attestation.

_____
Paula Torres-Velez

Sworn and Subscribed before me on this __4__ day of __august__, 2005.

**Notary Public of** Puerto Rico
Permanent Comm
Licence 8870

# 17,321

Lcda. María L. Pérez Vargas
ABOGADA - NOTARIO
CALLE RAMON TORRES # 77
FLORIDA, PUERTO RICO 00650

(II)

AFFIDAVIT

County of _____.  )
State of New York.      )
                        )
                        )
                        )

SS:

I, Orlando Ramirez Ortiz, being over eighteen (18) years of age and competent to testify to the facts set forth herein, make the following statements of fact:

1. I have known Raymond Hernandez Albino, since childhood.
2. On April 23, 1997, I was arrested with Raymond Hernandez-Albino and Armando Cabrera-Vargas.
3. On May 14, 1997, I was indicted along with my friend Raymond Hernandez-Albino, also indicted were Armando Cabrera-Vargas and Robert Francis.
4. On November 3, 1997, I pled guilty to Conspiracy to Posses with intent to Distribute Cocaine and Possession of a Firearm with an obliterated serial number, while Aiding and Abetting Raymond Hernandez-Albino.
5. Although I pled guilty to carrying a firearm while Aiding and Abetting co-defendant, I state for the record that Mr. Raymond Hernandez-Albino at no time knew a transaction was was to take place on or about April 23, 1997.

I'm forwarding this Affidavit to the Honorable Court in the interest of Justice and signed below in the presence of a Notary Public as required for this attestation.

Date:

_____
Orlando Ramirez-Ortiz

FELIX F. BELLO
Notary Public State of New York
No 24-4958665
Qualified in Kings County
Commission Expires Nov. 13, 20_05_

State of New York
County of Kings
Sworn to before me
on this October 28, 2004

Raymond Hernandez Albino
Reg. No. 14736-069 Camp-2 / A-4
FCI Schuylkill
P.O. Box 670
Minersville, PA. 17954-0670

February 24, 2004.

Mr. Edgar Vega Pabon, Esq.
Royal Bank Center, Suite 715
255 Ponce De Leon
Hato Rey, Puerto Rico 00917


Re: Certificate of Appeallability.

Mr. Edgar Vega Pabon:

 Hopefully when you receive this letter, you as well as your family are in the best of health.

 I'm writting to you at this particular moment because I've been trying to get in contact with you for the simple reason that you did mention to me at one time, that you was willing to help me out on my 2255 motion in which you did promise.

 Do you recall when I lost my trial and I was placed at the Guaynabo, M.D.C. and at the ending of the year 1997 or the begining of 1998, that I called you to mention to you that I have a case similar to mine in which a jury was hung and that the judge did not read the element's of an Allen charge or a "Dynamite charge" that the court is required to tell the jury when they are at an impasse.

 I called you because I wanted to confirm what did exactly the Judge instruct the jury when they were at an impasse position. At that moment you did not remember and you was going to call the Court Reporter, Barbara Dachman to please give you a copy of that particular instruction. She said that to give her a couple of day's, because she was very occupied at that moment.

 After a couple of day's she did give you a copy of that particular instruction and you gave me a visit at Guaynabo all happy saying to me that the Judge commited a big mistake and that he did not read the Allen Charge that he was by Law entitled to give to the jury when they were dead locked. Also at that moment you did mention to me that you will do what ever it take's to help me out.

 Remember the day that you was visiting a client at Guaynabo and I just happen to arrive to receive my visit, then when you saw that my baby son Raven ran to my arms and did not want to let go, you approached my table to meet him and you did say to my wife back then that you made a mistake in my trial. You did say to her that you was going to help me out which ever way possible to keep my children next to me. So Millitza Cortez Maldonado said thank you very much and she told you that hopefully those words are very truthful and you said that your word was bond.

  I also want you to remember when I was about a year and a half in Coleman, you told me that you had just went through a trial in which the defendant has alot to thank me for, because that trial also had a hung jury and the judge also did not give the "Dynamite Charge" and at that moment you remember what had happened to me in my trial and you corrected the judge on the instruction back to the jury. The jury returned with an equital or a new trial, I really do not remember but you did say that.

  I really don't see why you can't admit to the fact that you did not know what an Allen Charge was at that moment. I really don't think that it could hurt your career to admit that particular mistake. If you remember in my direct Appeall, the appellate Court did say that you did not object to that particular charge and they said that it was harmless even though it was a plain error. See 177 F.3d, page 37, A. Then you were my attorney and it was your job to know all the angles of the law.

  Please do what you promised that you were going to do, in order for me to obtain a hearing for my 2255 motion. It was denied back on Sept. 2003 and I'm fighting with the court through my present Attorney Cheryl Sturm in order to obtain a Certificate of Appeallability. The only thing that I'm asking is that you give me an Affidavid stating the true fact's, that's all.

  Please call my attorney at, 484-771-2000. Mrs Cheryl Sturm and find out what they need from you. Thank you my friend hope to see you soon. Let God bless you alway's.

Respectfully,

*[signature]*

Raymond Hernandez Albino

cc: Mrs Cheryl Sturm, Esq.
  Raymond Hernandez Albino

(2)

Raymond Hernández Albino
Reg. No. 14736-069 Mb-1
FCC Coleman (Med.)
P.O. Box 879
Coleman, FL. 33521-0879

Sept. 9, 1999.

Mr. Edgar Vega Pabon, Esq.
Royal Bank Center, Suite 715
255 Ponce De Leon
Hato Rey, Puerto Rico 00917

Re:   Cr. case #97-99(HL) District of Puerto Rico.

Dear Mr. Vega:

    Hopefully when you receive this letter, you and your loved ones are in the best of health. As for myself I'm just trying to hang in with the system and staying in good health.

    I called your office several times to talk to you, but you were either not in your office or you were in a trial, so I decided to write you a little letter. The last time we spoke was back in July 13, 1999, and you told me to call you back within a couple of day's and I couldn't call you back, because the day that I was going to call you I was sent to the hole for no reason at all, but I'm not going to get into detail with you at this present moment or else I will never finish this letter, but after all they didn't write me up or anything, so that was great. The other day I called your secretary and I told her that I was better off writing you a letter since I could not call you and talk over the phone. Within the 27 day's that I was in the hole my family came to visit me here in Coleman and beleive me that was very painful, imagine I couldn't take pictures with my lovely son Raven, and that was a big deception for me, but we have to take life as it is given to us. I asked my brother to call you and ask you if you were willing to help me out on my 2255 motion and he told me that you said for me to call you when I got a chance and that you would give me a lending hand.

    I beleive that you can help me very much to get out of this mess hole that I'm in and that you are the inly person that can admit to the fact's, which are very important right now for me. Reading my appeal from the United States Court of Appeals for the First Circuit, I have been reading page 8 of the Court of Appeals where the Judges mention the fact that the counsel below admitted that the charge was **"not coercive in the least."** We are talking about the Allen charge that we were fighting in our appeal, and I would like for you to remember that that particular instruction I was the one that found out about it (3) three months later on the Daniel Paniagua case there in Puerto Rico, you remember that I asked you to talk to Barbara and ask her if she could at least give us a print of that particular instruction that the judge gave the jury that afternoon. Then you told me that you was going to

(1)

talk to her, as you did. Then about (2) two day's later you told me that Barbara was going to do an exception and she would print out the page on the instruction. After that you came to visit me at Guaynabo and you was very happy to read that the instructions that the judge had given the jury was not the instruction that the first Circuit specified that a Judge had to give to a hung jury.

I beleive that this issue was very important for me in my appeal because till today I know that the vast majority of defense attorneys are not familiar with what an Allen charge instruction consist of and I'm not holding you personally for that action in our trial. I know that I could get at least a new trial if you lend me a hand on this issue in particular, and beleive me I really need some help in order to get back with my family that needs me at this critical stage of their lives, especially my little ones that miss me dearly.

Edgar the only thing that I'm asking you to do, what is ethically correct in relation to the professional rules of ethics required for every attorney to comply with.

Thank you very much for your time, and I hope to hear from you very soon.

Very truly yours,

Raymond Hernández Albino

(2)

Raymond Hernández Albino
Reg. No. 14736-069 L/B
Low Security Correctional Inst.-Allenwood
P.O. Box 1000
White Deer, PA. 17887

August 1, 2003.

Attorney at Law
Cheryl Sturm
387 Ring Road
Chadds Ford, PA. 19317

RE: Raymond Hernández Albino Vs. U.S.A.
    C.A. 00-1600 (HL), Crim No. 97-0099(HL)

Dear Mr. Fred Sturm:

    Hopefully when you receive this letter you as well as your fine family are in the best of health.

    After reviewing your objections to the Report and Recommendation of the Magistrate Judge Justo Arenas, I feel that you are tottally correct. I will have that straight for the record, it was alway's his version of the fact since it was only him and me that had met at that hotel that afternoon.

    Mr. Orlando Ramirez had asked me for a favor about a little over three week's and that was to lend him one of my cell phones since he really needed it in a emergency. I was constantly calling him through his beeper because I did mention to him that the phone had to alway's be shut off, because it was used for my buisness and I didn't want my client's to leave any message through him. Just happen's to be that my best friend from New York was in town and I really did need the telephone so my friend could use, so that afternoon of April 23, he called from the airport that he was in. I did tell him to rent a car because I was still working and really didn't know what time I would really leave the plant. Just happen that the security guard from the front gate called my office and I told him to let him in and I will meet him in the parking lot. When we said hello to each other I told him to let's get a drink at my friends store, so I left my 4 Runner and we went in his car and I told him that I was waiting for a phone call of this so called friend so we could get my phone before we go back home. After a couple of drink's I told him to let's go visit my friend Charlie, as we get there his sister in-Law told us that he was not home. On our way back to the plant I told my friend let's forget about it and let's get my 4 Runner, as we was getting to the plant Orlando called to come by to give me my phone. (TT-11-14-97, pg. 120 #2-21). After we spoke, Mr. Francis called a friend to meet him there so they could go out to eat dinner wit my family because from there to my house it takes about one and a half hours so they coordinated and I was not aware of the final details of their conversation.

    As we picked up my 4 Runner I told him to follow me west on the road No. 2, it just happen to be that the traffic was building up and as he was following me for about 15 minutes there were car's in between our car's and when I maid a right turn I did notice that he kept on going, so I returned to the main road and caught up to him and as he saw that I was flashing the light's he pulled over to the side and

(1)

we spoke for a couple of minutes, because at that particular moment Orlando called and asked me why did I past the hotel, so I told him that my best friend got lost on me, but I was already there. I did notice that when I hung up the phone there was some stupid looking dude looking at us, so my friend point's him out and ask if I knew that person, I told him no and we kept going back to the hotel. As I made a left Orlando called me to meet him in the back, but my friend didn't see when I went to the back so he just parked his car. As Orlando came down the stair's the back parking lot is very small so but so many car's fit there, he went to his car first and when he came over to my 4Runner he brouhgt a big bag with him, he told me to please take him trough the front of the hotel because he had a friend waiting for him there and he was going to walk with his friend through the front of the hotel. So I really didn't see anything wrong with that. As I drove to the front of the hotel Mr. Orlando all of a sudden got out of my 4 Runner without me even stopping. So I stoped right in the middle of the front lobby just to see what he was going to do. All of a sudden he come's over with his so called friend, I asked him what is going on, and he told me to not worry about anything. (TT-11-13-97 pg. 111 #16 thru pages 115 ).

    At that particular moment I already had in my posesion my cell phone and all of a sudden the cop's were all over me. As you read the trial transcript, he was useing my cell phone to prepare for a drug deal without my permission. (TT 11-14-97 pg. 26 #2-25 and pg. 28 #8.

    Here are other fact's, in trial Mr. Orlando Ramirez was tapped before hand and he was alway's saying that he already had in his posesion the money for the transaction.(TT 11-14-97 pg. 21 #22 thru pg. 25) Exhibit B was the tapes that were recorded about 6 different times, the funny thing about it is that the government didn't even like the idea of bringing those tapes to the Court and I could see why. The tapes speak for themselves, because I was never mentioned in those tapes and wouldn't know why.

    I did mention to my trial attorney that it really didn't make any type of sence, the owner of that particualr Hotel is a great old friend of mine and I would never let no one disrespect his buisness, if I was to know it was for a drug deal. We even went to ask him a couple of questions and Mr. Vega also felt the same way I felt about my friends hotel. If you read the closing arguments (TT-11-17-97 pg. 26 thru 42) it will also give you an idea of this same issue we are talking about that the attorney plead to the jury. Stating the fact that Mr. Orlando Ramirez already had in his posesion the money as it talked about on the tapes.

    I still feel that that the Allen charge was suppose to have been given to the jury and from what I have noticed almost all of the casses from the first circuit talking about the Allen charge was plain errors just like my case and they all got a new trial for that error itself. Mr. Vega confess to me personally that he did not know what an Allen cahrge was, isn't that ineffective of counsul itself? We should've preesed that issue even stronger, but that is only my opinion.

    I was reading about the Federal Rule of evidence 201, in respect to the recent Supreme Court decision of Wiggins vs. Smith, my

attorney only stayed with the defence that the government presented, he just tried to swing toward a mere presence defence that the jury did not buy.

    I feel at this point that this could do for now, hpoefully we will be granted a hearing or let's say I know that we will get one because I have you and Ms. Sturm on my side of the court. I appreciate all of what you both have done for me till this day and I have faith that soon enough I will be with my loved ones that miss me so much, especially my children.

    Thank you for hearing me out and hopefully soon I shall hear from you. Let God bless you both alway's.

Respectfully,

Raymond Hernández Albino

(3)

Raymond Hernandez Albino
Reg. No. 14736-069 Camp-2 / A-4
FPC Schuylkill
P.O. Box 670
Minersville, PA. 17954-0670



February 19, 2004

Attorney at Law
Cherl Sturm
387 Ring Road
Chadds Ford, PA. 19317

Re: Raymond Hernandez Albino Vs. U.S.A.
C.A. 03-2623, C.A. 00-1600 (HL), Crim. No. 97-0099 (HL)

Dear Mr. and Mrs Sturm
    Hopefully when you receive this letter with the Lords blessing you as well as your fine family are in the best of health.
    Fred do you recall when I mentioned to you that my trial attorney Mr. Edgar Vega Pabon, Esq. mentioned to me that he was willing to lend me a helping hand and he did tell me that before you even submitted my 2255 motion, to please give him a call. I did remember when you did say that we did not necessary need his help at this particular moment.
    Now that we are in the most critical stage for my Certificate of Appeallability, I feel that you should get a free moment to get in contact with my trial attorney, because you could never tell if he's willing to admit that he was ineffective in my trial and maybe he is willing to give us an Affidavid for my Certificate of Appeallability. In this way the Appellate Court could see that there are reason's to grant a hearing in the local court.
    I'm going to re-fresh your mind, do you remember when I told you that one day I had a family visit at the MCC Guaynabo hold over? When my attorney saw me with my family he presented himself and he promised my consensous wife that he was willing to help me out the best way possible. So at that point Millitza Cortez Maldonado thanked him and she told him that she hopes that those words are very truthful. He said at that moment that his word was bond and that he could only help me out in my 2255 motion.
    So please Mr. Fred Sturm, I'm actually begging you to please call Mr. Edgar Vega Pabon. His present phone number is 787-780-0313 or 787-398-6497. I feel that without his help, we don't have anything coming.
    I really think that it was a mistake, because he was willing to help me out in some way, maybe he was willing to submit an Affidavid or coordinate some kind of help in our favor, we really don't know so let's hear what he's got to say and hopefully it will be in our favor.

I feel that now is the best time to try to get an Affidavid from Mr. Edgar Vega Pabon, we are not to late to amend it to our motion, since the Assistant United States Attorney has not responded to our brief.

Thank you Mr. and Mrs Sturm. I'm just looking for what ever avenue I could possibly find at this stage. With a little help from Mr. Vega Pabon it would guarantee at least a hearing and that is precisely what we are looking for.

Respectfully,

Raymond Hernandez Albino

(2)