IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAYMOND HERNANDEZ-ALBINO<br>Petitioner | CRIMINAL CASE NO. 97-0099 |
| Vs. | [Hector M. Laffitte, J.] |
| UNITED STATES OF AMERICA<br>Respondant | Pro-Se |

**MOTION FOR BAIL UNDER 18 U.S.C. § 3143(b) PENDING
MOTION FOR RELIEF FROM JUDGMENT OF FED. R. CIV. P. 60(b)(6)**

    Petitioner reminds the court that he is a pro-se litigant and asks this court to hold him to a more liberal standard than a practicing Professional, and Petitioner asks that the court will consider substance over form. Should Petitioner have provided or used the wrong or improper form, Petitioner asks that the court will consider the merits of the matter presented here in the form necessary to maximize the workings of essential justice by virtue of the substance of the issues. Petitioner also asks this Honorable court to consider the limited Resourcces of the library at this camp, since we do not have a shepardizing system in order to help Petitioner achieve a more precedent case laws from our circuit and though Petitioner attempts to be thorough, any dificiencies in supporting case law, is due to these limited Resources.

To The Honorable Court:

    **COMES NOW**, Petitioner Raymond Hernandez-Albino (herein after "Petitioner") Pro-Se, respectfully alleges and prays:

(1)

1. That on April 20, 1998, Petitioner was sentenced to 181 months (15 Years and 1 month), of imprisonment. Petitioner hereby request for Bail pending the review of Petitioner's trial counsel's ineffectiveness, that Petitioner has submitted to the District Court, Pursuant to the Fed. R. Civ. P. 60(b)(6), on August 8, 2005.

A. **THE STANDARD FOR BAIL PENDING APPEAL IN THE DISTRICT COURT**

2. In the **United States v. Bayko**, 774 F.2d 516, (1st. Cir. 1985), the Court of appeals adopted the "substantial question" standard articulated by other circuits at the time and which governs application for Bail pending appeal. In **Bayko**, the court of appeals for the First Circuit stated that 18 U.S.C. § 3143(b), should be read to require that the issue(s) being appealed "be a 'close' question or one that very well could be decided the other way." **Id. at 522.** The court of appeals also made clear that the substantial question test should be so restrictively construed as to condition Bail peding appeal "on a finding by the District Court that it is likely to be reversed." **Id. at 522-23.** Rather, the requirement that the issue be one "likely to result in reversal" demands only a finding that if the issue is resolved in the Petitioner's favor, it would require reversal, i.e., that the alleged error not be harmless or waived. **Id at 522.** Petitioner Raymond Hernandez-Albino, contends that the record discloses several close question which could result in Petitioner's sentence being reversed.

3. The question which the court should consider is the arguments presented at the sentencing hearing regarding sufficiency

(2)

of the evidence and regarding drug identity and quantity. Petitioner respectfully refers the court to the sentencing hearing where in this was litigated and extensively discussed. If the court recalls, Petitioner's principal objection to the Pre-sentence Report was that it reflected the appropriate mandatory minimum was ten years. Petitioner argued that, because there were no drugs and this was a reverse sting operation, that the government had failed in it's burden to prove his culpable knowledge of the exact drug quantity. In that void, Petitioner unsuccessfully argued, the court was mandated to sentence Petitioner in accordance with offense level 12, not 32. It cited, among other authorities, **United States v. Charlarca**, 95 F.3d 238 (2nd. Cir. 19960, and **United States v. Pion**, 25 F.3d 18, 25n. 12 (1st. Cir. 1994). The court was unconvinced, though, that there was no mandatory minimum and that the maximum sentence applicable was twenty years. Petitioner contends that these arguments are close question which now could result in a reversal of Petitioner's sentence.

4. This court need not determine that Petitioner's conviction is likely to be reversed within the District Court. This court need only find that a "close question" has been raised in Petitioner's motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). Petitioner feel's that since he satisfies the close question test in the motion that has been presented in front of the court of trial counsel's ineffectiveness, there should be an appropriate Bail since due to the ineffectiveness of counsel, the Petitioner should not be incarcerated.

B.  SECTION 3143(b) DOES NOT MANDATE THAT RAYMOND HERNANDEZ-ALBINO REMAIN INCARCERATED, BECAUSE EXCEPTIONAL CIRCUMSTANCES MITIGATE AGAINST IT.

5.  Petitioner was deprived of the right to testify by reason of trial counsel's failure to prepare him to testify on his own behalf, since the trial jury needed to hear the facts from the Petitioner and because of Mr. Vega's violation of professional standards, forbade Petitioner from taking the stand and through the signed affidavits that were submitted to the court, clearly demonstrate's that Petitioner's counsel was not rightfully prepared for trial, which demonstrate's ineffectiveness of counsel.

6.  The trial transcripts of the proceedings is even more revealing as to the confusion and utter lack of preparation given to this critical decision by trial counsel for the Petitioner at trial of November 17, 1997, when Mr. Vega addressed the court and advised that his client will be taking the stand and limit the direct to very specific matter's relating to Petitioner's reputation, academic background, biographical data and how he bought his home. It's more than clear that because of Mr. Vega's ill-conceived understanding of the Rules of Evidence, Mr. Vega counseled the Petitioner not to testify on his behalf.

7.  Trial counsel Mr. Vega, obviously if he knew the law in which he was paid for in full, he did not have to direct the court into how his client was to be directed in cross-examination. Trial counsel should have known that he needed to prepare his client in order to be ready for the government's possible attack.

According to the Federal Rules of Evidence, 607, Mr. Vega was ineffective and he violated Petitioner's Sixth Amendment Constitutional Rights, because it clearly states that the government could touch on any issue that might impeach Petitioner's credibility. A clear ineffectiveness of counsel, according to the **Strickland v. Washington,** the Supreme Court established a two-prong test to evaluate ineffective assistance claim. In order to obtain reversal of a conviction under the **Strickland** standard, the Petitioner must prove that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the Petitioner, resulting in an unreliable or fundamentally unfair outcome in the proceeding. Since Mr. Vega was not aware of what the Rules of Evidence consisted of, the Petitioner's Constitutional Rights were violated and it's more than clear that the record brings out the fact that the Petitioner qualifies under the two prong test according to **Strickland.**

8. A Petitioner seeking release pending the Motion for relief from judgment Pursuant to Fed. R. Civ. P. 60(b)(6), has the burden of establishing that he or she will not flee or pose a danger to the community. In the instant case, Petitioner poses no danger to the community and as a result of his history with the Pre-trial Services Offices and with The Bureau of Prisons, this court can confidently conclude that Petitioner will not pose any danger to the community by commiting criminal acts. Hence, the Petitioner's history with the Pre-trial Services Office constitutes a clean and convincing evidence that the Petitioner

will not flee. Additionally, the nature of the crime charged and for which Petitioner stands convicted, indicates that the Petitioner does not and will not pose a danger to the safety of any person in the community. The firearm for which the Petitioner stands convicted, is a firearm for which Petitioner maintained a current license, and with a license to carry 24-7, alone states the fact that Petitioner does not pose any danger to the safety of any person in the community. The firearm was confiscated and is now within the governments possession.

9. Petitioner respectfully points to the needs of his children. Their seperation from the Petitioner has caused severe problems for them and constitutes the type of circumstance that would allow the court to consider granting Bail pending the motion for relief from judgment Pursuant to Fed. R. Civ. P. 60(b)(6) within the District Court. Petitioner respectfully requests that the court re-reads the letters annexed at sentencing, which expressly indicated that Petitioner's children not only depend on him for economic support, but also for emotional and psycological sustance. The letters made it abundantly clear, those letters and other like them moved the court at the sentencing hearing of April 20, 1998, and stated that Petitioner had a history of being an exceptional parent although the Petitioner's children are the result of different relationships. Although the court was not inclined to grant a downward departure for this ground, it certainly can consider the same evidence to consider whether his children's anxieties constitute an exceptional circumstance allowing Bail under § 3145(c). See **United States v. Mitchell**,

23 F.3d 1,2 (1st. Cir. 1994)(per curiam)(noting family circumstances were recognized as "exceptional circumstances" under § 3145(c).

10. Petitioner, as the letters indicated at sentencing of April 20, 1998, has four children and one that till this day the Petitioner has not met formerly, but the four children did indicate in a heartbreaking letter to the court, that their seperation from their father is devastating to them. Oviously, the seperation continues to be devastating. Petitioner simply asks that he be allowed to re-unite with his family while Petitioner's motion for relief from judgment Pursuant to Fed. R. Civ. P. 60(b)(6) within the District Court is being prosecuted. The court should understand that Petitioner is not using his children as a ruse to get out of jail. The court made it clear that it was very impressed with the devotion that the Petitioner has for his children.

11. Nothing on the record contradicts the fact that if the Petitioner would have his conviction reviewed in his motion for relief from judgment Pursuant to Fed. R. Civ. P. 60(b)(6), the Honorable Judge could acknowledge that the facts are very clear and convincing, and would grant the Petitioner Bail pending the District court's final decision.

12. The Petitioner has been incarcerated for over 8 years, and if the motion for relief from judgment Pursuant to Fed. R. Civ. P. 60(b)(6) is granted for a hearing, the Petitioner would receive a new trial due to the ineffectiveness of Mr. Vega's

most critical point at Petitioner's trial or a hearing should be required to determine the truth and significance of what is alleged in the said motion.

    Petitioner would like the court to be aware of the following:

A. Petitioner is presently incarcerated at the Federal Prison Camp at Schuylkill, Pennsylvania.

B. Petitioner custody level is "out custody" meaning that this facility has no fence around it.

C. Petitioner has never received an incident report.

D. Petitioner has participated in all the programs that he has been assigned to.

E. Petitioner has a clear conduct and record in the Federal Bureau of Prisons.

**WHEREFORE, PETITIONER RAYMOND HERNANDEZ-ALBINO,** respectfully request that this Honorable judge grant the Petitioner a Bail pending the motion for relief from judgment Pursuant to Fed. R. Civ. P. 60(b)(6), within the District court based on the foregoing arguments. The law states that The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions, but here the record speaks for itself, due to counsel's ineffectiveness the Petitioner has enough sufficient evidence to warrant a hearing on the matter at bar. As in **United States v. Giordino**, 797 F.2d 30 (1st. Cir. 1986), where a hearing is required to determine the truth and significance of what is alleged.

    At Scuylkill, Pennsylvania, 24th. day of November, 2005.

Respectfully Submitted,

Raymond Hernandez-Albino
Reg. No 14736-069 C-2/B-15
FPC Schuylkill
P.O. Box 670
Minersville, PA. 17954-0670

(8)

## CERTIFICATE OF SERVICE

I Raymond Hernandez-Albino, hereby certify that on the 24th. day of November, 2005, I have served a copy of the Motion for Bail Under 18 U.S.C. § 3143(b) pending the motion for relief from judgment of Fed. R. Civ. P. 60(b)(6), on the following by First Class Mail, postage prepaid to:

Humberto S. Garcia, Esq.
ASSISTANT UNITED STATES ATTORNEY
ROOM 452
FEDERAL BUILDING
150 CARLOS CHARDON STREET
HATO REY, PUERTO RICO 00918

Dated: November 24, 2005.

Raymond Hernandez-Albino