IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAYMOND HERNANDEZ-ALBINO,          :
     Petitioner,                    : CRIMINAL NO. 97-0099(HL)

Vs.                                :

                                   :

UNITED STATES OF AMERICA           : Pro-Se
     Respondent                     :

AMENDMENT IN SUPPORT OF MOTION FOR RELIEF FROM
JUDGMENT UNDER FED. R. CIV. P. RULE 60(b)(6)

NOW COMES PETITIONER, RAYMOND HERNANDEZ-ALBINO, hereby moves this Honorable court to respectfully file this Amendment in support of motion for relief from judgment imposed by this court on April 20, 1998.

SUMMARY OF THE ARGUMENT

I. CONVICTION SHOULD BE SET ASIDE BECAUSE OF THE INEFFECTIVE ASSISTANCE OF COUNSEL.

   C) Petitioner was deprived of the effective assistance of counsel, because counsel never advised his client fully on whether a particular plea to an indictment appears to be desirable.

In Petitioner's 2255 motion that was docketed in the year 2000, with the civil case no. 00-1600(HL), the court over looked or did not review the motion in its perspective order. In the "D" section of Petitioner's 2255 motion, where Cheryl Sturm only specifies where the government interference with Right to effective assistance of counsel (copy attached), did not bring

(1)

out the facts of where did Petitioner's counsel failed under the Sixth Amendment in order to show where his attorney was deficient and unreasonable under prevailing professional standards.

Petitioner's counsel, Mr. Vega, never took the time to sit down with Petitioner and discuss the Rules in order for the attorney to give his professional advise. The fact that Mr. Vega never oriented Petitioner upon the winning ratio in the Federal courts and where by pleading out, Petitioner could be able to receive a 3 to 5 points reduction in the sentencing guidelines. There are strong cases where counsel's has a right to show all the appropriate avenues before making a wisefull decision.

Here, the Petitioner is making it clear for the record that Mr. Vega did not in any way, or at anytime discuss with Petitioner the advisability of accepting or rejecting the offered plea that supposedly the government had offered, but Petitioner never saw what they were offering, yet Petitioner's counsel did nothing to persuade the Petitioner by whom he had been retained of the absurdity of a decision to risk years of prison seperation from his family.

Under **Strickland v. Washington,** 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, (1984) (hereinafter "Strickland"), the court has indicated how the question should be resolved. Just before starting its discussion of the merits, it observed that it had "granted certiorari to consider the standards by which to judge a contention that the constitution requires that a criminal judgment be overturned because of the actual ineffective assistance of counsel." 466 U.S. at 684, 104 S.Ct. at 2063. later it pointed

to "[p]revailing norms of practice as reflected in American Bar Association standards" as guides "to determining what is reasonable." Id. at 688, 104 S.Ct. at 2065.

The American Bar Association's standard is simply stated in its Model Code of Professional Responsibility, Ethical consideration 7-7 (1992):

> A defense lawyer in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable.

Anthony G. Amsterdam, in trial manual 5 of the Defense of criminal cases (1988), discusses the question in more detail:

> The decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in any criminal case. This decision must ultimately be left to the client's wishes. Counsel cannot plead a client guilty or not guilty, against the client's will. But counsel may and **must** give the client the benefit of counsel's professional advise on this crucial decision; and often counsel can protect the client from disaster only by using a considerable amount of persuasion to convince the client that a plea which the client instructively disfavors is, in fact, in his or her best interest. This persuasion is most often needed to convince the client that s/he should plead guilty in a case in which a not guilty plea would be destructive. § 201 at 339 ( the word **"must"** was emphasized by the author; otherwise, the emphasis is ours).

Effective assistance of counsel includes counsel's informed opinion as to what pleas should be entered. **Walker v. Caldwell**, 476 F.2d 213, 224 (5th. Cir. 1973); **Jones v. Cunningham,** 313 F.2d 347 (4th. Cir. 1963), cert denied 375 U.S. 832, 84 S.Ct. 42, 11

L.Ed.2d 63 (1963). As chief judge Sobeloff stated in the latter case (at 353);

> Of course, it is not for a lawyer to fabricate defenses, but he does have an affirmative obligation to make suitable inquiry to determine whether valid ones exist. Such a duty is imposed for the salutary reason that prior to trial an accused is entitled to rely upon his counsel to make an independant examination of the facts, circumstances, pleadings and laws involved and then offer his informed opinion as to what plea should be entered. Von **Moltke v. Gillies**, 332 U.S. 708, 721 68 S.Ct. 310, 322, 92 L.Ed. 309 (1984).

Upon reviewing the record, it would be impossible to imagine a clearer of a lawyer depriving a client of constitutionally required advise. Here, Mr. Vega (counselor) did not give the Petitioner a professional advise on this crucial decision in order to protect the Petitioner from disaster. The word **"must"** give the client the benefit of counsel's professional advice, clearly showed his ineffective assistance of counsel.

A hearing should be warranted in order to put on the record that while Petitioner was on bail, Mr. Vega did call Petitioner through his telephone and told Petitioner that the government was offering 10 years if Petitioner was to plead. So Petitioner asked Mr. Vega:

Petitioner: How many years was I facing?
Mr. Vega:   15 years minimum.
Petitioner: What would you do if you were me?
Mr. Vega:   The government is offering 10 years and its only a difference of 5 years, so what we have to lose.

As the Petitioner was on bail, he did visit the office of Mr. Vega, but only to give the money for the attorney's fee to his secretary. The last week of trial when the Petitioner did finally pay the attorney fee of ending balance of $10,000.00 that was when the attorney mentioned to me that he needed the names of the witnesses that Petitioner wanted for his defense. Then on the weekend that Petitioner's trial was to commence, that Saturday we met at his office to talk about the case and Mr. Vega talked to Mr. Francis (a co-defendant), but never did the word to plea came out of Mr. Vega's mouth.

I strongly feel that Mr. Vega was ineffective through-out my whole case, because he should have at least said to me the following:

1) You might be better off pleading, because the winning ratio in the federal court system in a criminal case are 3 percent and a 97 percent of loosing is not a good sign.

2) If you loose, you would receive a 15 year sentence, but if you plea, you would receive 10 years (which Petitioner never read in black and white).

3) If you do plea, you would receive a 2 point level decrease and 1 point for over level 16, that would place Petitioner at level 29, 87-108 months.

4) And you might qualify for a 2 point reduction if you give fact's about the case.

5) So if you do plea, instead of 181 months that Petitioner would face at trial, Petitioner would or could receive 70-87 months.

Here, Mr. Vega never gave the Petitioner all the fact's, in order to make an independant examination of what was involved, circumstances, pleading and laws, and then offer his informed opinion to what plea should be entered. As the American Bar Association simply states.

When a convicted defendant complains of ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Courts should be highly deferential in reviewing counsel's performance, and every effort should be made to "eliminate the distorting effects of hindsight" so that the challenged conduct is evaluated from counsel's perspective at the time the events took place.

The district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the Petitioner is entitled to relief. If [the] petition allege[s] any facts warranting relief under the Fed. R. Civ. P. Rule 60(b)(6), that are not clearly resolved by the record, the district court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.

Here the Petitioner has demonstrated that his attorney's performance was deficient, unreasonable under prevailing professional standards; and that Petitioner was prejudiced by the attorney's performance. When a motion alleges facts that, if true, would draw the court's previous order into question, it is an abuse of discretion to dismiss it without determining the truth. **United States ex rel. Bruno v. Herold,** 368 F.2d 187 (2nd. Cir. 1976).

## CONCLUSION

Here, the Petitioner has raised sufficient allegations that his trial counsel deprived him of the opportunity to make a reasonably informed decision, regarding whether to change his plea or proceed to trial, because Petitioner's trial attorney failed to inform Petitioner that he could enter an open plea. The record has shown through all of Petitioner's motions, the inaccuracies and all the accumulative errors that Mr. Vega has produced through-out Petitioner's entire case. Petitioner was prejudiced because, by proceeding to trial and becoming ineligible for the reduction in the level adjustment of the Sentencing Guidelines, Petitioner was exposed to an additional 94 months imprisonment. The Petitioner was sentenced to 181 months, if he would have plead to the charges, he would have been at level 32 and by accepting responsability, Petitioner was entitled to a 3 point reduction and that would have given the Petitioner level 29 which carries a sentence of 87 months. In Petitioner's allegations, his habeas petition cannot conclusively bar him from demonstrating prejudice under **Strickland** and an evidentiary hearing should be granted.

At Schuylkill, Pennsylvania, 16th. day of March, 2006.

Respectfully Submitted,

Raymond Hernandez-Albino
Reg. No. 14736-069 C-1/B-15
FPC Schuylkill
P.O. Box 670
Minersville, PA. 1754-0670

## CERTIFICATE OF SERVICE

I Raymond Hernandez-Albino, hereby certify that on the 16th. day of March, 2006, I have served a copy of the Amendment in support of motion for relief from judgment under Fed. R. Civ. P. Rule 60(b)(6), on the following by first class mail, postage prepaid to:

> HUMBERTO S. GARCIA, Esq.
> ASSISTANT UNITED STATES ATTORNEY
> ROOM 452
> FEDERAL BUILDING
> 150 CARLOS CHARDON STREET
> HATO REY, PUERTO RICO 00918

Dated: March 16, 2006.

*Raymond Hernandez-Albino*

conviction and constructively amended the indictment in violation of the principles spelled out in **Stirone vs. United States**, 361 U.S. 212, 217-19, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)[holding that where the indictment charged unlawful interference with interstate commerce with respect to the importation of sand from other states by a manufacturer of ready mix concrete, it was error to charge the jury that the defendant's guilt could be based on a theory that the sand had been shipped in interstate commerce or that the concrete would be incorporated in a steel mill which would manufacture articles shipped in interstate commerce], **Lucas vs. O'Dea**, 169 F3d 1028, 1032 (6th Cir. 1999), **United States vs. Writers & Research, Inc.**, 113 F3d 8 (2d Cir. 1997), **United States vs. Leitchnam**, 948 F2d 370 (7th Cir. 1991).

Constructive amendment of the indictment is per se reversible error. The failure to make an appropriate and timely objection to the amendment is constitutionally ineffective assistance of counsel.

Seventh, trial counsel failed to make an appropriate and timely motion for judgment of acquittal on the grounds that the Government failed to prove that Hernandez conspired to possess with intent to distribute a controlled substance.

## D. GOVERNMENT INTERFERENCE WITH THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

A criminal defense attorney is required to give the defendant the benefit of his advice whether to plead guilty or stand trial. **Boria vs. Keane**, 99 F3d 492 (2d Cir. 1996)[failure to give the defendant the benefit of professional advice whether to plead guilty or stand trial is ineffective assistance], **Paters vs. United States**, 159 F3d 1043 (7th Cir. 1998)[same], **United States vs. Gordon**, 156 F3d 376 (2d Cir. 1998)[same],

**Esslinger vs. Davis**, 44 F3d 1515, 1530 (11th Cir. 1995)[ineffective assistance for not conducting reasonable pretrial investigation of criminal record before advising the defendant to enter a guilty plea], **Walker vs. Caldwell**, 476 F.2d 213, 224 (5th Cir. 1973) [effective assistance of counsel requires counsel to give the defendant counsel's informed opinion as to what pleas should be entered[ **Trahan vs. Estelle**, 544 F2d 1305, 1319 (5th Cir. 1977) [defense attorney required to give benefit of professional advice whether to plead guilty or stand trial], **Herring vs. Estelle**, 491 F.2d 125 (5th Cir.1974)[It is defense counsel's duty to actually and substantially assist his client in deciding whether to plea guilty], **Bradbury vs. Wainwright**, 658 F.2d 1083 (5th Cir. 1981), **United States vs. Rumery**, 698 F.2d 764 (5th Cir. 1983), **United States vs. Jones**, 392 F2d 567 (4th Cir.), cert. den. 393 U.S. 882, 89 S.Ct. 186, 21 L.Ed.2d 156 (1968)[where defendant had no chance of winning the case at trial, the client should be *"advised strongly to plead guilty."* **Id**. at 569, n.3. (Emphasis supplied)], **United States vs. Day**, 969 F2d 39 (3d Cir. 1992)[failure to give the defendant a reasonably accurate comparison of the sentencing guidelines with conviction at trial versus a plea constitutes ineffective assistance of counsel].

The trial transcript indicates the Government did not supply **Giglio**[8] and Jencks Act[9] material until the day of trial. [2Tr. 121]. For example, the Government did not provide the defense with a copy of Ramirez' plea agreement until the day of trial. Delayed discovery is a species of official interference with trial counsel's obligation to give the client the benefit of his professional advice whether to plead guilty or stand trial.

---

[8] Giglio material defined as any agreement between witness and the government that might influence testimony. **Tarver vs. Hopper**, 169 F3d 710 (11th Cir. 1999)

[9] Jenck's Act material is the disclosure required by 18 U.S.C. 3500