IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAYMOND HERNANDEZ-ALBINO :
    Petitioner,
                          : CRIMINAL CASE NO. 97-0099(HL)
Vs.
                           :
UNITED STATES OF AMERICA,
    Respondent          : <u>Pro-Se</u>

AMENDMENT IN SUPPORT OF MOTION FOR RELIEF
FROM JUDGMENT UNDER FED. R. CIV. P. RULE
60(b)(6), PURSUANT TO FED. R. CIV. P. 15.

NOW COMES PETITIONER, RAYMOND HERNANDEZ-ALBINO, hereby moves this Honorable court to respectfully file this Amendment in support of motion for relief from judgment imposed by this court on April 20, 1998.

## SUMMARY OF THE ARGUMENT

V. NINTH CIRCUIT INVOKES EQUITABLE POWERS TO GIVE RETROACTIVE EFFECT TO U.S. v. BOOKER. UNDER "EXTRAORDINARY CIRCUMSTANCES."

The Ninth Circuit has previously held that the Booker ruling is not to be given retractive application on collateral review, but the court decided here that the district judge's express dissatisfaction with the mandatory guidelines at the time of sentencing, along with the judge's fervent request, constituted "Extraordinary Circumstances" justifying withdrawal of the mandates. (carrington V. United States, 470 F.3d 920 (9th. Cir. 2006).

In carrington V. United States, the consolidated case before the court involved drug dealers who were sentenced by the same district judge to terms of imprisonment at the bottom

end of the guidelines ranges. Years after the case became final, they Petitioned the District judge for equitable relief that the judge held was not available. Acting sua sponte, the judge beseeched the court of appeals to recall its mandates affirming the sentence on direct appeal, so that he could resentence the Petitioner under the advisory guidelines scheme.

The Ninth Circuit held that an "Extraordinary Circumstance" has to be met and that in their circuit this is not the first time that it has withdrawn a pre-Booker mandate on collateral review in order to allow a defendant to be resentenced under the post-Booker advisory guidelines scheme. In United States v. Crawford, 442 F.3d 1145 (9th. Cir. 1005), the court held that the "miscarriage of justice" standard for recalling a mandate was satisfied in a final case with a Booker error that involved two "Extraordinary Circumstances": (1) the sentencing judge expressed reservation at the time of sentencing about the sentence required under the mandatory guidelines; and (2) the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 75 CrL 284 (2004), which "foreshadowed" its holding in Booker, was rendered before the court issued the original mandate.

Here Petitioner's judge Hector M. Laffitte's bemoaning, at the time of sentencing, that the mandatory guidelines resulted in unjust sentence was expressed at the sentencing day, dated April 20, 1998, pg. 66, cl. 22 through pg. 67, cl. 8: (Copies of the transcripts are attached)

The Court:
> What I really feel sympathy with for you and your family especially your family -- is that the guidelines are really tough in this case. When I went through this report and I saw that it was almost 15 years, that's a very tough sentence. But, of course, that is not for me to decide. That's for Congress, who has deemed that the drug problem is so great that it has enacted, legislated stiff criminal penalties.
>
> So I went through all my reasons why I am denying. I wish there could have been some area where I could depart. I even met with the probation officer seeking a way how to go about making a departure, but there was none under the law, and I examined all of the avenues.

Petitioner's case is even weaker then the Carrington's case, because Petitioner was never a drug dealer and the record speaks for itself upon how Petitioner has carried out his professional life until this mishap. Even Petitioner's sentence unlike the one in Crawford, became final long before Blakely cast doubt on the constitutionality of the mandatory guidelines scheme. The court has held that the district judge's expression of frustration with the guidelines at the original sentencing and his express request for relief, justified recalling the mandates in their case. The "court's interest in the finality of judgment is not so strong that we would not allow a district judge the opportunity to remedy what the judge considers to be an 'injustice' and to resentence a defendant to a sentence that is just and proper."

## CONCLUSION

Here the Petitioner is only asking the court to review all the inconsistencies that are on the record and consider this "Extraordinary Circumstance" as an addition to the Fed. R. Civ. P. Rule 60(b)(6). Petitioner is aware that due to judge Hector M. Laffitte's expression of frustration with the guidelines at the original sentencing, should justify recalling the mandate in Petitioner's case. The decision in Booker, it continued, "restored the role of the district court as the person uniquely suited to consider all the circumstances surrounding a criminal defendant and to fashion a sentence most just and appropriate for that individual." Hopefully the district court could review Petitioner's case in its entirety and "put great stock" in resentencing Petitioner, since the Fed. R. Civ. P. Rule 60(b)(6) motion is presently being entertained by the court since August 18, 2005, which has not been addressed and this Amendment could be viewed as an extra weight of relief upon Petitioner's sentence.

At Schuylkill, Pennsylvania, 15th day of February, 2007.

Respectfully Submitted,

Raymond Hernandez-Albino
Reg. No. 14736-069 C-2/B-15
FPC Schuylkill
P.O. Box 670
Minersville, PA. 17954-0670

(4)

CERTIFICATE OF SERVICE

I Raymond Hernandez-Albino, hereby certify that on the 15th. day of February, 2007, I have served a copy of the Amendmnet in support of motion for relief from judgment under Fed. R. Civ. P. Rule 60(b)(6), on the following First Class postage pre-paid to:

        ASSISTANT UNITED STATES ATTORNEY
            ROSA EMILIA RODRIGUEZ
                ROOM 452
             FEDERAL BUILDING
          150 CARLOS CHARDON ST.
       HATO REY, PUERTO RICO 00918

Dated: February 15, 2007.

                                        Raymond Hernandez-Albino

1  translating freely -- "my dad has written me and told me
2  that whatever is going on has been the result of abandoning
3  the ways of the Lord Jehova."
4      And then I have a really beautiful letter from your
5  child, six-year-old child, saying how much she misses you.
6      And I am bringing all this to your attention not to
7  rub it in your face, but just to make you realize that when
8  you engage in drug trafficking, you are not only causing
9  problems to society -- because drugs is the scourge of
10 society universally.  It's not only in Puerto Rico, the
11 U.S., it's all over -- but also of the havoc that it
12 creates in your family.  Because not only you are paying
13 the consequences, they are also innocent bystanders paying
14 for you, suffering, their anxiety.
15     So you are not a criminal, but apparently somewhere
16 along the line you lost your moral compass.  And when you
17 succumb to the temptation of money -- because there is no
18 other way that can explain why you were having $123,000 in
19 cash.  You were there ready to protect your investment, and
20 this has happened.
21     And the -- what I really feel sympathy with for you
22 and your family -- especially your family -- is that the
23 Guidelines are really tough in this case.  When I went
24 through this report and I saw it was almost 15 years,
25 that's a very tough sentence.  But, of course, that's not

for me to decide. That's for Congress, who has deemed that the drug problem is so great that it has enacted, legislated stiff criminal penalties.

So I went through all my reasons why I am denying. I wish there could have been some area where I could depart. I even met with the probation officer seeking a way how to go about making a departure, but there was none under the law, and I examined all of the avenues.

So I am going to give you the lowest end of the Guidelines, which is 121 months. There is a mandatory minimum anyway, so the only departure I could give you -- and I can't -- is one month, because there is a mandatory minimum.

You are going to be incarcerated for a long time. You might feel that it is too harsh for the crime that you committed, but again, you should have thought about your family and your children before you got involved in that.

Money is nothing. It comes and goes. But the integrity of the family is what counts. And that family of yours now is more like a Diáspora because of your poor judgment and because of your greed in making more money than the money you were making. You had a good reputation, you had a good job, you had the admiration of your people. Probably having lost that, I think that's punishment enough. But as I say, I must follow the law, wherever it

BARBARA DACHMAN, RPR, OCR