IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAYMOND HERNANDEZ-ALBINO )
        Petitioner )  Criminal Case No. 97-0099(JAG)
         )
         )
Vs. )
         )
         )
UNITED STATES OF AMERICA )  Pro-Se
        Respondent )

AMENDMENT IN SUPPORT OF MOTION FOR RELIEF
FROM JUDGMENT UNDER FED R. CIV. P. RULE
60(b)(6), PURSUANT TO 60(b), FRAUD UPON
THE COURT, PROSECUTORIAL MIS CONDUCT AND
JUDICIAL ERROR
------------------------------------------

    **NOW COMES PETITIONER RAYMOND HERNANDEZ-ALBINO,** hereby moves this Honorable court to respectfully file this Amendment in support of motion for relief from judgment imposed by this court on April 20, 1998. In support of Petitioner's request for Amendment he presents the following:

    Petitioner has two (2) newspaper articles stating out facts that occured at the sentencing hearing of Orlando Ramirez-Ortiz, dated more or less on February 14, 1998:

1) The U.S. Public Defenders office filed a complaint with the District judge Hector M. Laffitte, charging the U.S. Attorneys office with holding back on a plea agreement as to Orlando Ramires-Ortiz.

2) At the hearing before Honorable judge Laffitte, Assistant Public Defendant Laura Maldonado, charged that in the plea agreement, Orlando Ramirez-Ortiz testified against Raymond Hernandez-Albino (Petitioner).

3) The Assistant Public Defendant, Laura Maldonado contented that Orlando Ramirez- Ortiz complied with the governments agreement and is also facing 15 years as the same sentence as Petitioner.

4) At the hearing the District Attorney argued that Orlando Ramirez-Ortiz was a hostile witness and did not comply with the agreement, because what Orlando Ramirez-Ortiz was asked during trial was not what the government wanted to hear. When asked a question that he was supposed to have said "yes" to, he said "no". See Exibit "A" and "B" attached.

5) The AUSA Mr. Jorge Vega-Pacheco, told the Honorable judge Laffitte, that due to Orlando Ramirez-Ortiz problem with his conduct during his testimony at trial it does not recommend to continue with the agreement that they originally had.

6) After hearing both arguments, the Honorable judge extended 10 days to both party to get to an agreement.

7) This is extremely germane since it was the testimony of this tainted witness which resulted in Petitioners conviction and 181 month sentence.

## FRAUD UPON THE COURT AND PROSECUTORIAL MIS-CONDUCT

The present argument gives the fact that the United States District Attorney, by allowing Orlando Ramirez-Ortiz to testify presented perjured testimoney to the court. The District Attorney argued that Orlando Ramirez-Ortiz was a hostile witness and did not comply with the agreement, that what Orlando Ramirez-Ortiz was suppose to answer "yes" to he answered the opposite "no". The AUSA even told Honorable judge Laffitte, that due to Orlando Ramirez-Ortiz problem with his conduct during his testimony at trial, it does not recommend to continue with the agreement that they originally complied with.

This clearly shows that fraud upon the court and prosecutorial mis-conduct did exist. The government according to the Newspaper article of The San Juan Star and El Nuevo Dia, dated February 19, 1998, demonstrated in front of the Honorable judge that

(2)

Orlando Ramirez-Ortiz was inconsistant with his testimony and if the AUSA knew for a fact that perjury did exist during Petitioners trial, then fraud upon the court did exist.

The Prosecutors duty in a criminal prosecution is to seek justice. Therefore, the prosecutor should prosecute with earnestness and vigor, but may not use improper methods calculated to produce a wrongful conviction. If the use of such methods "so **infects** the trial with unfairness as to make the resulting conviction a denial of due process," it may justify a mistrial or reversal of conviction. **Miranda v. Bennett**, 322 F.3d 171, 180 (2nd. Cir. 2003)("Prosecutorial misconduct cannot give rise to a constitutional claim unless the prosecutors acts constitute egregious misconduct)." In **Marshall v. Hendricks**, 307 F.3d 36, 64 (3rd. Cir. 2002), ("The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.")

The AUSA had the burden of relying on true facts, yet allowed the only government witness to give perjured testimony in order to gain a conviction fraudulantly. Here the touchstone of due process analysis of the prosecutor is the fairness of trial.

### JUDICIAL ERROR

The Honorable judge Laffitte was there at Orlando Ramirez-Ortiz sentencing hearing and he heard the facts that were presented in front of him. Those facts were presented more or less on February 16 thru 18, 1998 and Petitioner was sentenced on April 20, 1998, nearly two months apart. Here the Honorable judge could

have corrected this crucial judicial error, but he did not correct what occured in the sentencing hearing for Orlando Ramirez-Ortiz. What better moment the Honorable judge had in order to call to the bench the AUSA and Ms. Maria Sandoval, Esq. to confer about what occured at Orlando Ramirez-Ortiz initial sentencing hearing in which the government did not want to credit the witness for his perjured testimony. On April 20, 1998, when Petitioner was sentenced, the judge failed to disregard the perjured testimony of Orlando Ramirez-Ortiz and sentenced Petitioner to 181 months. The judge all the time knowing that purjury did existduring Petitioners trial, did absolutely nothing to correct the error.

  Even if the Honorable judge would have heard by the AUSA that the "only government witness" really did not comply with the agreement and that what he was to say "yes" to, he said "no", clearly showed that the Honorable judge made an error, because in some moment the only government witness did give a sworn statement that he was going to say the truth and nothing but the truth and the government claims that he did not say the truth in one moment or other, and that under the law is considered a perjured testimony.

  This whole argument clearly shows that the Honorable judge should have dismissed this case in Petitioners sentencing of April 20, 1998, and by not doing so, clearly demonstrates that fraud upon the court and prosecutorial misconduct did exist and by not taking any action towards Petitioners innocence, the Honorable judge showed prejudice towards Petitioner and judicial

(4)

error existed.

## CONCLUSION

The due process clause of the Fifth Amendment guarantees the defendant the right not to be convicted of a criminal offense unless the Government proves each and every element of the offense beyond a reasonable doubt. In **re Winship,** 397 U.S. 358, 364, 90 S.ct. 1068, 1073, 25 L.ed.2d 368(1970).

A jury verdict cannot be based on speculation. **United States v. Ortega-Reyna,** 148 F.3d 540 (5th. Cir. 1998)[if evidence is balanced, jury must have reasonable doubt] **United States v. Blasini-Lluberas,** 169 F.3d 57 (1st. Cir. 1999)[if evidence is balanced, jury must have reasonable doubt].

As a general rule, conviction for conspiracy must be reversed unless supported by substantial evidence. **United States v. Davis,** 154 F.3d 581 (8th. Cir. 1998)[substantial evidence required]

Since at least 1935, it has been the established law of the United States that a conviction obtained through testimony the prosecutor knows to be false is repugnant to the Constitution. See **Mooney v. Holohan,** 294 U.S. 103, 112, 55 S.Ct. 340, 79 L.Ed 791 (1935). This is so because, in order to reduce the danger of false convictions, we rely on the prosecutor not to be simply a party in litigation whose sole object is the conviction of the defendantbefore him. The prosecutor is an officer of the court whose duty is to present a forceful and truthful case to the jury, not to win at any cost.

As could be read from above, the prosecutor's goal was to win at any cost and violated Petitioner's due process of law. The evidence presented to the jury and to which they heard subsequently was determined to be perjured evidence. It is Petitioner's contention that a jury verdict based upon perjured testimony must be overturned. In **Shih Wei Su v. Fillon,** 335 F.3d 119 (2nd. Cir. 2003)[prosecutor's failure to correct government witness's false testimony and subsequent attempt to bolster witness's credibility violated defendant's due process rights).

What the jury heard was perjured tainted testimony. This is what allowed them to reach a "guilty" verdict. It is well settled law that a verdict based upon that type of testimony must be reversed, since there was no other testimony or evidence concerning Petitioner's guilt, Petitioner's conviction must be reversed.

**WHEREFORE,** based on the above facts, Petitioner prays that the court vacate the sentence and reverse the conviction. In the alternative, if the court desires additional time to conduct an ongoing investigation into Petitioner's allegations made herein, then in accordance with Title 18 U.S.C. § 3143(b), the court should issue an order immediately releasing Petitioner pending the final resolution of Petitioner's motion before the court.

AT SCHUYLKILL, PENNSYLVANIA, 7th. DAY OF DECEMBER, 2007.

Respectfully Submitted,

Raymond Hernandez-Albino
Reg. No. 14736-069 C-2/B-15
FPC Schuylkill
P.O. Box 670
Minersville, PA 17954-0670

(6)

CERTIFICATE OF SERVICE

I Raymond Hernandez-Albino, hereby certify that on the 7th. day of December, 2007, I have served a copy of the Amendment in support of motion for relief from judgment under Fed. R. Civ. P. Rule 60(b)(6), on the following by first class mail, postage prepaid to:

Jose A. Ruiz-Santiago
ASSISTANT UNITED STATES ATTORNEY
ROOM 452
FEDERAL BUILDING
150 CARLOS CHARDON STREET
HATO REY, PUERTO RICO 00918

Dated: December 7, 2007.

Raymond Hernandez-Albino