## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>RAYMOND HERNANDEZ-ALBINO,<br><br>   Defendant. | CIVIL NO. 97-099 (JAG) |

**REPORT AND RECOMMENDATION**

**I. Introduction**

Pending before the court are defendant Raymond Hernández-Albino's ("Hernández-Albino") "Notice of Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(6)" and his "Amendment in Support of Motion for Relief from Judgment under Fed.R.Civ.P.15." Docket 174 and 183 respectively. Both of these motions were referred by Judge Jay García-Gregory for a Report and Recommendations. Docket 185. For the reasons stated below, both motions should be denied.

**II. Procedural Background**

On November 17, 1997, a jury found Hernández-Albino guilty of two counts under 21 U.S.C. §846 (conspiracy to possess with intent to distribute cocaine) and 18 U.S.C. §924(c) (carrying a firearm during and in relation to the drug crime). Docket 114. The jury, however, acquitted Hernández-Albino of count three (possession of a gun with an obliterated serial number) and partial judgment was entered on November 25, 1997, dismissing said count. Docket 115. On April 20, 1998, Hernández-Albino was sentenced to serve one hundred twenty-one (121) months

as to count one and consecutively, sixty (60) months as to count two. Docket 136 and 137.

On April 30, 1998, Hernández-Albino filed a notice of appeal. Docket 138.[1] The Court of Appeals for the First Circuit affirmed the judgment entered by the District Court, noting that: (i) although there had been an erroneous Allen charge, Hernández-Albino's substantive rights were not affected; (ii) the jury did not have to be in agreement as to which of the two firearms charged he was in possession of; (iii) it was not plain error to admit the testimony of a witness that had been promised leniency by the government in return for his cooperation; (iv) the search and the seizure of a gun had been lawful; (v) it was not improper to allow the government to use leading questions to impeach a witness; (vi) the finding by a preponderance of the evidence that Hernández-Albino knew the quantity of drugs involved was not clearly erroneous; and (vii) the sentencing guidelines had not been misconstrued in the District Court's refusal to grant a downward departure. U.S. v. Hernández-Albino, 177 F.3d 33 (1st Cir. 1999).[2]

On May 16, 2000, Hernández-Albino filed a motion to vacate the sentence under 28 U.S.C. §2255 alleging that his conviction and sentence were imposed in violation of his Sixth Amendment right to counsel and right to effective assistance of counsel at all critical stages of the proceedings. See Hernández-Albino v. U.S., 00-1600 (HL). In particular, Hernánez-Albino contended that his trial attorney failed: to file a pretrial motion, subpoena and submit notice of an alibi defense, object to a conspiracy instruction, make a motion for judgment of acquittal, object to an Allen charge, object to the prosecutor's opening statement, object to a firearm charge, request cautionary instructions, and request Jencks Act and Giglio material. Docket 11 of 00-1600(HL). He also

---

[1] Hernández-Albino was represented by counsel Peter Goldberger during this appeal.

[2] Under a different appellate number, 98-1942, Hernández-Albino filed another notice of appeal on August 20, 1998, this time under the representation of attorney Edgar Vega Pabón. On September 1, 1998, however, Hernández-Albino filed a motion requesting the dismissal of the appeal, request that was granted on September 4, 1998.

claimed that his conviction and sentence violated his due process and equal protection rights under the Fifth Amendment. Docket 11 of 00-1600(HL). On July 9, 2003, Magistrate Judge Justo Arenas issued a report recommending that the §2255 motion be denied. Docket 11 of 00-1600(HL). This report and recommendation was adopted by the District Judge on September 30, 2003, and thus, the §2255 motion was dismissed. Docket 13 of 00-1600(HL). Judgment was entered accordingly on said date. Docket 14 of 00-1600(HL).

Unsatisfied, on October 30, 2003, Hernández-Albino filed a notice of appeal regarding the dismissal of his §2255 motion, USCA Number 03-2623. On December 11, 2003, the Court of Appeals for the First Circuit ordered Hernández-Albino to file a certificate of appealability. Although on December 30, 2003, Hernández-Albino filed a motion applying for the certificate of appealability, on February 13, 2004, the District Court denied said request. Docket 19 of 00-1600(HL). Undaunted, on March 11, 2004, Hernández-Albino submitted within USCA Number 03-2623 yet another request for a certificate of appealability. On June 8, 2004, however, judgment was entered by the Court of Appeals for the First Circuit stating as follows:

> We have reviewed the petitioner's submissions, along with the magistrate judge's report and recommendation, the district judge's opinion and order dated September 26, 2003, and the record from the original criminal proceedings, including our own opinion in petitioner's direct appeal. Finding no reasonably debatable issue presented, we deny the request for a certificate of appealability.

See 03-2623 Hernández-Albino v. U.S. (order dated June 8, 2004). Hence, appeal 03-2623 was terminated.

Not long thereafter, Hernández-Albino filed a motion for a hearing under 28 U.S.C. §2255. Docket 26 of 00-1600 (HL). One week later the motion was denied. Docket 27 of 00-1600(HL). On December 1, 2004, Hernández-Albino filed a motion for reconsideration of the denial for the hearing, but once again, his request was denied. Docket 30-31 of 00-1600(HL). As a result, on

December 21, 2004, Hernández-Albino filed his third notice of appeal, USCA Number 05-1108. Nevertheless, on June 30, 2005, the Court of Appeals for the First Circuit denied Hernández-Albino's application and returned the appellate record. Docket 45 of 00-1600 (HL) (see also order dated August 9, 2005 in USCA Number 05-1108 which states in its pertinent part: "As mandate already has issued in this matter, we are unable to grant relief to petitioner; and even if we were able to do so, we would find no grounds for relief.")

Thus, we finally arrive to the matters presently pending before the court, namely Hernández-Albino's "Notice of Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(6)" and "Amendment in Support of Motion for Relief from Judgment under Fed.R.Civ.P.15." Docket 174 and 183.

### III. Analysis & Discussion

We begin by noting that of the two motions filed by Hernández-Albino currently pending, the first one was filed pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) has no applicability to criminal proceedings and does not provide relief from judgment in a criminal case. See U.S. v. Spry, 2008 WL 41063, at 1 (10th Cir. 2008) (unpublished); U.S. v. Quiñones, 199 Fed.Appx. 774, 2006 WL2726232 (11th Cir. 2006) (unpublished). "... Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 77 (2nd Cir. 2004) (citing Rodríguez v. Mitchell, 252 F.3d 191 (2nd Cir. 2001)).

> [A]n attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in "extraordinary circumstances," and ... such circumstances will be particularly rare where the relief sought is predicated on alleged failures of counsel in a prior habeas petition. That is because a habeas petitioner has no constitutional right to counsel in his habeas proceeding, see Coleman v. Thompson, 501 U.S. 722, 752-53 (1991), and therefore, to be successful under Rule 60(b), must show more than ineffectiveness under Strickland

> v. Washington, 466 U.S. 668 (1984). To obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or *pro se.*

Id.

With the above legal framework in mind we conclude that the first of Hernández-Albino's motions, titled "Notice of Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(6)", ought to be denied. If Hernández-Albino is seeking relief from the judgment in criminal case 97-099 (JAG), then Rule 60(b) is of no assistance. See U.S. v. Spry, 2008 WL 41063, at 1 (10th Cir. 2008) (unpublished); U.S. v. Quiñones, 199 Fed.Appx. 774, 2006 WL2726232 (11th Cir. 2006) (unpublished).

Hernández-Albino, however, seems to be attempting to resubmit his §2255 petition under the guise of a Rule 60(b) motion. Hernández-Albino is again alleging that his trial lawyer was ineffective, this time because he failed to prepare Hernández-Albino to testify, had a lack of understanding of the rules of evidence, and displayed "inept conduct" to Hernández-Albino's family. Docket 174, "Memorandum of Law" at 1. In addition, Hernández-Albino claims that his trial lawyer never explained to him the implications of his decision not to testify. Id., Affidavit of Hernández-Albino at 4. Specifically, Hernández-Albino alleges that even though he had no reason to be afraid of cross-examination, his trial lawyer recommended him not to testify. Id. at 5. Furthermore, Hernández-Albino alleges that his trial attorney: (1) did not have any strategy to explain his story; (2) never explained to him how accepting a plea offer could have reduced the amount of time to which he was exposed; (3) failed to make a Rule 29 motion after closing arguments; (4) did not know what was an Allen charge. Id. at 4-6.

Section 2255 provides in its pertinent part that a second or successive motion must be certified by a panel of the court of appeals to contain newly discovered evidence or a new rule of

constitutional law that was previously unavailable. 28 U.S.C. §2255. Hernández-Albino's arguments do not raise newly discovered evidence; they simply constitute yet another ineffective assistance of counsel claim. "Granting perpetual hearings on repetitive claims is not proper use of judicial resources." United States v. Dillon, 835 F. Supp.253, 254 (W.D. Penn. 1993). Hernández-Albino already had the opportunity to raise plenty of allegations regarding his claim of ineffective assistance of counsel at trial. See Docket 11 of 00-1600(HL). Therefore, his attempt to have a "second bite at the apple" is untenable.

Hernández-Albino also alleges that "[t]he counsel I engaged to handle my first Habeas Corpus (Peter Goldberger) did not raise ... [the issue of the decision not to testify at trial] so important in that petition. The right to testify or not testify was a critical matter in my case, because the trial attorney's defense strategy was the 'wrong place at the wrong time[;]' I was the only witness that could have explained that to the jury. There is no explanation of why my lawyer did not raise this matter in the Habeas Petition." Docket 174 at 3-4. As stated above, Hernández-Albino has to show that, more than just being ineffective, counsel Goldberger "abandoned the case and prevented the client from being heard." Harris v. United States, 367 F.3d 74, 77 (2nd Cir. 2004). Hernández-Albino has failed to meet this standard. More significantly, he even admits that during trial he was questioned by the court about his decision not to testify and that he acknowledged on the record that he was waiving his right to testify. Docket 174 at ¶15. Although he now claims that his waiver was not knowingly made, there is no evidence that counsel Goldberger abandoned the case and prevented Hernández-Albino from being heard. See generally U.S. v. Hernández-Albino, 177 F.3d 33 (1st Cir. 1999) (regarding all the issues vigorously argued

on behalf of Hernández-Albino on appeal).[3]

Finally, Hernández-Albino invokes Carrington v. U.S., 470 F.3d 920 (9th Cir. 2006)[4] claiming that his case presents extraordinary circumstances that warrant that his sentence be reconsidered in light of United States v. Booker, 543 U.S. 220 (2005). Docket 183. In a nutshell, Hernández-Albino argues that the sentencing judge felt constrained by the sentencing guidelines, that he viewed them as mandatory, and that as a consequence, no downward departure was granted during the imposition of the sentence. First, Hernández-Albino's claim under Booker is untimely. Booker was decided on January 12, 2005, and yet Hernández-Albino waited until February 15, 2007, over two years later, to make his argument. Second, the Court of Appeals for the First Circuit already addressed the issue of the downward departure and determined that "[t]he district court neither misapprehended the guidelines nor misconstrued its authority; it simply found that such a departure was unwarranted." U.S. v. Hernández-Albino, 177 F.3d 33, 43 (1st Cir. 1999).

Even if it were to be found that the sentencing judge felt constrained by the guidelines, under 21 U.S.C. §846 (count one) the statutory minimum sentence for a conspiracy to possess with intent to distribute five kilograms or more of cocaine is one hundred twenty (120) months of imprisonment, while the statutory minimum term of imprisonment pursuant to 18 U.S.C. §924(c) (count two) is a consecutive term of no less than sixty (60) months. Hence, the overall statutory minimum term of imprisonment in this case yielded a total of one-hundred eighty (180) months. Hernández-Albino was eventually sentenced to one-hundred eighty-one (181) months of imprisonment, almost the statutory minimum. "A mandatory minimum sentence imposed as

---

[3] Even if the decision was made by counsel not to argue any issues related to Hernández-Albino's decision not to testify, such decision could have been a reasonable one in light of Hernández-Albino's own statement on the record that he was waiving his right to testify.

[4] This case was superseded by Carrington v. U.S., 503 F.3d 888 (9th Cir. 2007).

required by a statute based on facts found by a jury or admitted by a defendant is not a candidate for Booker error." United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005); see also U.S. v. Narváez-Rosario, 440 F.3d 50, 52 (1st Cir. 2006).

WHEREFORE, since Hernández-Albino's "Notice of Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(6)" (Docket 174) and "Amendment in Support of Motion for Relief from Judgment under Fed.R.Civ.P.15" (Docket 183) lack merit for the reasons previously explained, both motions should be denied.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file the objections within the specified time waives the right to appeal the same. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

San Juan, Puerto Rico, this 15th day of January, 2008.

s/ Marcos E. López
MARCOS E. LÓPEZ
UNITED STATES MAGISTRATE JUDGE