IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAYMOND HERNANDEZ-ALBINO : CRIMINAL CASE NO. 97-0099 (JAG)
      Petitioner
                    :

    Vs.                  :

UNITED STATES OF AMERICA   :
      Respondent       Pro-Se
                    :

### OBJECTIONS TO REPORT AND RECOMMENDATION OF THE MAGISTRATE-JUDGE

Petitioner **Raymond Hernandez-Albino,** submits the following objections to the Report and Recommendation of the Magistrate-Judge filed January 15, 2008. [hereinafter called the "MJRR"]

### I.   OBJECTIONS TO THE ANALYSIS

Page 4 of the MJRR states:

> Rule 60(b) has no applicability to criminal proceedings and does not provide relief from judgment in a criminal case.

See **United States v. Spry,** 2008 WL 41063, at 1 (10th. Cir. 2008) (unpublished): **United States v. Quinones,** 199 Fed.Appx. 774, 2006 WL 2726232 (11th. Cir. 2006)(unpublished)

In **Rodriguez v. Mitchell,** 225 F.3d 191 (2nd. 2001, that the MJRR states, clearly shows that a motion under Rule 60(b) and a petition for habeas have different objectives, and here Petitioner is not seeking to resubmit a 28 U.S.C § 2255 Petition.

Here the MJRR mis quoted the Rule by saying that Rule 60(b)

has no applicability to criminal proceedings and does not provide relief from judgment in a criminal case.

Petitioner could submit to the court over 25 cases in which can prove that the MJRR mis quoted the Rule, but why keep clouding the record with case law when all the facts are in the present motion.

According to **In Eberhardt V. Intergrated Design and Const., Inc.**, 167 F.3d 861 (4th. Cir. 1999). Rule 60(b)(6) allows relief for "any other reason justifying relief from the operation of the judgment."

> [Rule 60(b)(6)] has been described as the "catch-all" clause because it provides the court with "a grand reservoir of equitable power to do justice in a particular case" and "vest power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice" where relief might not be available under any other clause in 60(b).

Relief from judgment under "catch-all" provision is appropriate when it offends justice to deny such relief, and such relief, will be reversed only if reviewing court finds complete absence of a reasonable basis and is certain that the decision is wrong.

Furthermore, although Rule 60(b)(6) "gives the District Court power to vacate judgments whenever such action is appropriate to accomplish justice", such relief requires a showing of "extraordinary circumstances."

On page 5 of the MJRR, all the stated facts upon Petitioner's affidavits alone proves that Petitioner's Due Process was violated and Petitioners Constitutional Rights were violated.

In present Recommendation none of the real issues were addressed by the MJRR and Petitioner is aware that an "extraordinary circumstance" do exist and the court has the power to correct or vacate judgment.

The issues verified by the affidavits stating what occured on November 17, 1997, at Petitioner's trial, should allow the court to grant a hearing to provide a full review of this important matter, because such action is appropriate to accomplish justice.

## III   BOOKER ISSUE

Petitioner was attempting to illustrate to the court what occured in **Carrington v. United States,** 470 F.3d 920 (9th. Cir. 2006), where the opinion set forth the courts dissatisfaction with the mandatory guidelines, at the time of Carringtons sentencing and then the subsequent holding in Booker that the Guidelines were unconstitutional, the court viewed Carringtons case as tandem and thus believed this surely constituted "extraordinary circumstances" justifying withdrawl of the mandates.

Just as Carringtons judge was dissatisfied with the mandatory guidelines, Petitioner assumed that the Honorable judge Laffitte could use this avenue to alleviate Petitioner's sentence, since in Petitioner's sentencing the Honorable judge Laffitte was bemoaning of the mandatory guidelines and Petitioner presumed that the Honorable judge would have some kind of simpathy towards Petitioner. (Amendment Docket No. 189, page 3)

(3)

Petitioner felt that the Honorable judge Laffitte would agree, that in Carringtons case he was a drug dealer and in Petitioner's case he was never a drug dealer and Petitioner's case was totally the oposite, because Petitioner's case was a weak case in which the Honorable judge Laffitte would consider these factors in reaching a decision. Also the Honorable judge Laffitte knew that Petitioner was a professional engineer and owned a consulting firm which clearly shows that Petitioner was a person of character and integrity and hopefully the court would show some sympathy for Petitioner and his circumstances.

III.    DOCKET NO. 189 FRAUD UPON THE COURT, PROSECUTORIAL MIS-CONDUCT AND JUDICIAL ERROR

Petitioner Amended his present motion with this new argument dated on December 15, 2007. Here the Petitioner is accusing the government and the Honorable judge Laffitte of an "extraordinary circumstance" that occured after Petitioner's trial in which it should have been reviewed with depth.

The Magistrate Marcos E. Lopez, did not addressed this Amendment and Petitioner's sure that in docket No. 189, clearly proves Petitioner's innocence that Petitioner has been fighting since his disgrace on April 23, 1997. The government had only one witness, Orlando Ramirez-Ortiz, and the issue that Petitioner brings out to light in said motion, clearly proves that the court should vacate Petitioner's sentence. Because according to said motion, an "extraordinary circumstance" does exist. It's been

since 1935 that it has been the established law of the United States that a conviction obtained through testimony that the prosecutor knows to be false, is repugnant to the constitution and must be reversed.

## CONCLUSION

The Due Process Clause of the Fifth Amendment guarantees the defendant the Right not to be convicted of a criminal offense unless the government proves each and every element of the offense beyond a reasonable doubt. Petitioner has proven through the case at bar, that Petitioner's Due Process Clause and Constitutional Rights were violated from the first day of Petitioner's arrest on April 23, 1997. As the motion stipulates, if Petitioner was aware that the money was going to be used to purchase drugs, then what straight minded person would step out of his vehicle and ask Orlando Ramirez-Ortiz and the so called CI: **What's going on?** Petitioner keeps showing the court that he was not aware of what was about to occur at that moment.

Even before Petitioner's trial was about to begin, the government did not have enough evidence against Petitioner, so the government convinced Orlando Ramirez-Ortiz 10 days before trial to testify against Petitioner. The court should realize that the only government witness was a hostile witness and usually a hostile witness is not a credible witness, because if the witness was hostile, then who was his perjured testimony

(5)

in favor, the government or the defendant? Either way it's still considered a perjured testimony and that alone consist of a reversal and a direct violation of Petitioner's Due Process and Constitutional Rights.

**WHEREFORE,** Petitioner prays to the Honorable judge Jay A. Garcia-Gregory, to please review with deep depth all the issues that Peititioner has already provided before the court and brought forth here again. These issues are not hear-say issues and they are all on Petitioner's transcripts. Therefore, the Honorable judge should reject the MJRR's, since the Magistrate did not address the merits which show clearly that Petitioner is innocent from the charges. Petitioner believes that the court should at a minimum schedule a hearing to allow Petitioner to address the court in person and be able to answer any questions the Honorable judge may have. Petitioner believes that upon hearing the issues in person it will clearly see that all the aforesaid facts are true and shall exonerate Petitioner.

AT SCHUYLKILL, PENNSYLVANIA, 23rd. day of January, 2008.

Respectfully Submitted

Raymond Hernandez-Albino
Reg. No. 14736-069 C-2
FPC Schuylkill
P.O. Box 670
Minersville, PA. 17954-0670

(6)

## CERTIFICATE OF SERVICE

I **Raymond Hernandez-Albino,** hereby certify that on the 23rd. day of January, 2008, I have served a copy of the Objections to the MJRR on the following by first class mail, postage prepaid to:

> THE HONORABLE MARCOS E. Lopez
> UNITED STATES MAGISTRATE JUDGE
> DISTRICT OF PUERTO RICO
> FEDERAL BUILDING
> 150 CARLOS CHARDON STREET
> HATO REY, PUERTO RICO 00918
>
> JOSE A. RUIZ-SANTIAGO
> ASSISTANT UNITED STATES ATTORNEY
> ROOM 452
> 150 CARLOS CHARDON STREET
> HATO REY, PUERTO RICO 00918

Dated: January 23, 2008.

Raymond Hernandez-Albino

(7)