IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1]RAYMOND HERNANDEZ-ALBINO,<br>Defendant. | Criminal No. 97-099 (JAG) |

RESPONSE OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO OBJECTIONS TO REPORT AND RECOMMENDATION

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America ("Government" or "United States"), by and through the undersigned attorneys, and very respectfully states and prays as follows:

**I.     Introduction**

Now before the Court is the objection of defendant, Raymond Hernandez-Albino ("Defendant"), to the Report and Recommendation ("R&R") issued by Magistrate-Judge Marcos Lopez ("Magistrate Lopez") on January 15, 2008.  See Docket Nos. 191 & 193.  The R&R recommended denying Defendant's "Notice of Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)" (Docket No. 174) and "Amendment in Support of Motion for Relief from Judgment under Fed. R Civ. P. 15" (Docket 183) on the grounds that Federal Rule of Civil Procedure 60(b) did not provide relief from a criminal judgment and, in any event, Defendant's remaining substantive claims were without merit.  See Docket No. 191.[1]

---

[1] Also before the Court is the "Amendment in Support of Motion for Relief From Judgment Under Fed. R. Civ. P. Rule 60(b). .." (Docket No. 190).  This motion contains the same argument contained in the objection to the R&R, namely that his conviction was obtained with perjured testimony.

In the objection, Defendant argues that Magistrate Lopez erred inasmuch as he (i) failed to apply Federal Rule of Civil Procedure 60(b) to a criminal proceeding and ignored allegations of constitutional violations contained in Defendant's affidavit; (ii) misconstrued his Booker argument; and (iii) did not address the argument that his conviction was obtained through perjured testimony.

The Government addresses each objection in turn, requesting that the Court adopt the R&R, in full, thereby denying the motions either for lack of jurisdiction or on the merits.

## II.   Discussion

### A.   Federal Rule of Civil Procedure 60(b)

After exhausting his direct appeal and appeals relating to his motion to vacate the sentence under 28 U.S.C. §2255, Defendant submitted the above motions pursuant to Federal Rule of Civil Procedure 60(b).[2] In the R&R, the Magistrate-Judge noted that "Rule 60(b) has no applicability to criminal proceedings and does not provide relief from judgment in a criminal case." Docket No. 191 at 4. Nevertheless, the Magistrate-Judge proceeded to address Defendant's motion as one to resubmit his §2255 petition. Id. at 5.

In the objection, Defendant argues that he is not seeking a reconsideration of his §2255 petition but rather, directly attacking the validity of his criminal judgment based on the existence of "extraordinary circumstances." Docket No. 193 at 2.[3] Where, as here, motions under Rule 60(b) do not address defects in the prior §2255 proceedings but attack the validity of the underlying sentence imposed, they must be construed as successive habeas petitions. See Gonzalez v. Crosby, 545 U.S.

---

[2] In one motion, Defendant also purports to rely on Civil Rule 15. See Docket No. 174.

[3] The extraordinary circumstances Defendant refers to are those surrounding those contained in his supporting affidavit which he alleges establish a violation of his constitutional rights. These violations, largely relating to ineffective assistance of counsel and claim under United States v. Booker, 543 U.S. 220 (2005) were all addressed and rejected in the R&R.

524, 532 (2005)(addressing claims under §2254); Rodwell v. Pepe, 324 F.3d 66, 70 (1st Cir. 2003). In order to submit successive habeas petitions, the Defendant must comply with the certification requirements contained in 28 U.S.C. §§ 2255 and 2244(a)(3), and obtain leave from the Court of Appeals.[4]

Not having done so, the Court should dismiss the motions (and all successive motions submitted without proper certification) for lack of subject matter jurisdiction and not entertain the merits. See Rodwell, 324 F.3d at 72.

B. **Booker Issues**

Next, Defendant argues that Judge Laffitte's purported dissatisfaction with the sentencing guidelines at the time they were mandatory justifies vacating his sentence based on the Ninth Circuit Court of Appeals case of Carrington v. United States, 470 F.3d 920 (9th Cir. 2006)[5] and the Supreme Court case of United States v. Booker, 543 U.S. 220 (2005). The Government respectfully submits that there exists no Booker claim, inasmuch as Defendant was sentenced to a term of 181 months, largely in accordance with the mandatory minimums contained in 21 U.S.C. §846 (120 months) and 18 U.S.C. §924(c) (60 months, consecutive). See United States v. Antonakopolous, 399 F.3d 68, 75 (1st Cir. 2005). See also Docket No. 174.

C. **Prosecutorial Misconduct, Use Of Perjured Testimony**

Lastly, Defendant argues that his conviction is based on the perjured testimony of a cooperating witness. In support, Defendant cites to newspaper articles indicating that the

---

[4] 28 U.S.C. §2255 provides, in relevant part "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . ."

[5] This case was withdrawn and superseded by Carrington v. United States, 503 F.3d 888 (9th Cir. 2007).

Government withdrew its cooperation agreement with the witness because of his testimony at trial. See Docket No. 190. The articles indicate that the cooperator gave unexpected answers at trial and was treated as hostile witness by the Government.

Nevertheless, Defendant fails to indicate what testimony offered by the cooperator was actually false or that this false testimony was known by the Government. See United States v. Maldonado-Rivera, 489 F.3d 60, 67-68 (1st Cir. 2007). More importantly, Defendant completely fails to suggest how it had any affect on the verdict. See Mastracchio v. Vose, 274 F.3d 590, 604 (1st Cir. 2001); United States v. Gonzalez-Gonzalez, 258 F.3d 16, 21 (1st Cir. 2001).

For these reasons, Defendant's argument that his conviction was obtained through perjured testimony is without merit.

III.  **Conclusion**

Based on the foregoing the Government requests that the Court adopt the R&R, in full, thereby denying Defendant's motions (Docket Nos. 174, 183, 190) either for lack of subject matter jurisdiction or the reasons set forth in the R&R.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 12th day of February, 2008

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

s/Charles R. Walsh
Charles R. Walsh- G00514
Assistant U.S. Attorney
Torre Chardón Suite 1201
350 Carlos Chardón Avenue.
San Juan, PR 00918
(787) 766-5656
Charles.R.Walsh@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to notify counsel of record.

At San Juan, Puerto Rico, this 12th day of February, 2008.

> s/ Charles R. Walsh
> Charles R. Walsh- G00514
> Assistant U.S. Attorney
> Torre Chardón Suite 1201
> 350 Carlos Chardón VAvenue.
> San Juan, PR 00918
> (787) 766-5656
> Charles.R.Walsh@usdoj.gov