IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    **Plaintiff(s)**<br><br>         v.<br><br>RAYMOND HERNANDEZ-ALBINO,<br>    **Defendant(s)** | **CIVIL NO.** 97-099(JAG) |

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

GARCIA-GREGORY, D.J.

Before the Court is a Report and Recommendation issued by Magistrate Judge Marcos Lopez on January 15, 2008. (Docket No. 191). In the Report and Recommendation, the Magistrate Judge recommends that the "Notice of Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(6)" and the "Amendment in Support of Motion for Relief from Judgment under Fed.R.Civ.P. 15" (Docket Nos. 174, 183) filed by defendant Raymond Hernandez-Albino ("defendant") be denied. On January 29, 2008, defendant filed "Objections to Report and Recommendation of the Magistrate-Judge." (Docket No. 193).  The Government filed a response to defendant's objections on February 12, 2008. (Docket No. 194).

After reviewing *de novo* the portions of the Magistrate Judge's Report and Recommendation to which the defendant has expressed objection, the Court agrees with the findings, legal

Civil No. 97-099 (JAG)                                                2

conclusions and recommendations made by the Magistrate Judge. The Court briefly explains and clarifies.

In his Objection to the Magistrate-Judge's Report and Recommendation, defendant argues that the Magistrate Judge (1) failed to apply Fed.R.Civ.P. 60(b) to a criminal proceeding and erred in construing his motion as a resubmittal of his § 2255 petition; (2) misconstrued his argument under U.S. v. Booker, 543 U.S. 220 (2005); and (3) did not address the argument that his conviction was obtained through perjured testimony.

Defendant's argument that Fed.R.Civ.P. 60(b) should apply because "extraordinary circumstances" exist in this case fails. In his Rule 60(b) motion, defendant does not address the defect in the prior § 2255 proceedings but instead attacks the validity of the underlying sentence imposed. As stated by the Government in its reply, when this is the case, the Rule 60(b) motion is construed as a successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). As such, the Magistrate Judge did not err in doing so. Moreover, defendant failed to comply with the procedure required to file a second or successive motion under § 2255.

As to the Booker issue, defendant's argument fails because he was sentenced to one month more than the statutory minimum applicable to his case. "A mandatory minimum sentence imposed as required by a statute based on facts found by a jury and admitted by

Civil No. 97-099 (JAG)                                              3

a defendant is not a candidate for a Booker error." U.S. v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005).

    Finally, defendant's objection that the Magistrate Judge did not address the argument that his conviction was obtained through perjured testimony is without merit. Defendant not only fails to indicate what part of the cooperator's testimony was false, but also fails to state that the Government knew about the false testimony and to show how the alleged false testimony affected the verdict. See U.S. v. Maldonado-Rivera, 489 F.3d 60, 67-68 (1st Cir. 2007); U.S. v. Gonzalez-Gonzalez, 258 F.3d 16, 21 (1st Cir. 2001).

## CONCLUSION

    Upon *de novo* review of the Magistrate-Judge's Report and Recommendation and defendant's objections thereto, the Court finds no reason to depart from the Magistrate-Judge's findings and therefore **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the court **DENIES** defendant's motions.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 3rd day of April, 2008.

                                          S/ Jay A. Garcia-Gregory
                                          JAY A. GARCIA-GREGORY
                                          United States District Judge