IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAYMOND HERNANDEZ-ALBINO : CRIMINAL CASE NO. 97-0099(JAG)
    Petitioner
                                  :

Vs.                              :

                                : Pro-Se
UNITED STATES OF AMERICA
    Respondent             :

## RECONSIDERATION MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. RULE 60(b)(6)

Petitioner received on May 12, 2008, the denial of relief from Judgment under Fed. R. Civ. P. Rule 60(b)(6), that was issued on the 3rd. day of April, 2008, and since Petitioner was in route from transfer to MDC Guaynabo, Puerto Rico the Petitioner could not respond within the ten (10) days for a reconsideration.

The Honorable Judge indicates that Petitioner attacks the validity of the underlying sentence imposed, but the whole conviction was obtained through perjured testimony which the issue has merit.

The Honorable Judge claims that Petitioner not only fails to indicate what part of the cooperator's testimony was false, but also to state that the government knew about the false testimony and to show how the alleged false testimony affected the verdict.

Petitioner has been fighting for his innocence since the arrest on April 23, 1997, as the court could review Petitioner

(1)

has used all the avenues in order to show that Petitioner has always been innocent of the charges brought. All of the claims show that Petitioner's case was a weak case and the government had no evidence toward Petitioner till a couple of days before Petitioner's trial which the government convinced Orlando Ramirez-Ortiz to cooperate in order to receive a lenient sentence.

As could be reviewed through-out all the motions that Petitioner has forwarded to the court, there was inconsistencies through the whole legal process and now that Petitioner has found a legal avenue in order to prove that perjury did exist, and the Honorable Judge should honor Petitioner's motion. The motion should not be denied due to Petitioner's failing to indicate, what part of the cooperator's testimony was false and also that the government knew about the false testimony and did not state it in the present motion.

When it's really the Assistant United States Attorney, Mr. Vega-Pacheco, Guillermo Gil and Mr. Teakel that should be asked those questions. The government through a tainted witness obtained a conviction of guilty in Petitioner's trial and the trial was a weak trial, but still, why did the AUSA want to reneg on a plea bargain when the conviction was already there? This is a key question in which the Honorable Judge should have doubts, because in one moment or another something went wrong and it was made public to know. Now why did the govenment reach that level when there was only one informant and through this one informant (Orlando Ramirez-Ortiz) the outcome was a guilty

verdict given by a jury?

All this information was brought to light through two newspaper articles, The San Juan Star and El Nuevo Dia and Petitioner wants the Honorable Judge to acknowledge that Petitioner has been trying to obtain the transcripts of that particular hearing and of no avail. For this reason Petitioner is pleading to the Honorable Judge to conduct an evidentiary hearing in order for the AUSA to explain at the hearing, where did Orlando Ramirez-Ortiz committed perjury and gave a false testimony that conducted an innocent man in prison for 181 months of incarcerration, because even if the only government witness testified falsely for the government or for Petitioner, it's considered under the law as a perjured testimony and it's viewed as a whole in Petitioner's trial.

Petitioner has been trying to acquire all the information neccesary in order to prepare for this battle, but being incarcerrated has been a struggle, as Petitioner tried to make contact with Ms. Juanita Colombani, who worked for El Nuevo Dia, and have asked her for her help to see if she could re-call anything from that particular hearing and of no avail. Petitioner even contacted and written to Maria Sandoval, Esq. and Rafael Castro-Lang, Esq. and they did not show any interest in my pleading, so Petitioner has to continue on his own.

## CONCLUSION

Petitioner is pleading to the Honrable Judge, that through an evidentiary hearing of this new evidence which the only government witness Orlando Ramirez-Ortiz, was considered a hostile witness and why did the AUSA mention that, what Orlando Ramirez-Ortiz was suppose to answer "yes" to, he answered "no". The AUSA did not want to accept the plea agreement as to Orlando Ramirez-Ortiz, so there has to be a logical reason for that and it could only be known through an evidentiary hearing. Petitioner is an innocent man that is incarcerrated for for 181 months and here 11 years later is still fighting for his innocence. Attached is a copy of an Affidavit that Orlando Ramirez-Ortiz mailed to Petitioner and again of no avail.

The Due Process of the Fifth Amendment guarantees the defendant the right not to be convicted of a criminal offense unless the government proves each and every element of the offense beyond a reasonable doubt. The established law in the United States, states that a conviction obtained through testimony the Prosecutor knows to be false is repugnant to the Constitution, in order to reduce the danger of false convictions. Here is a wrongful conviction which lead to a wrongful incarcerration of 181 months.

**WHEREFORE,** Petitioner pleads to the Honorable Judge that maybe this was the wrong avenue in order to correct this Newly Discovered Evidence, but to please reconsider the denial or

recommend a hearing where the Petitioner has the oportunity to demonstrate the legitimacy of the claims, compelling the government to disclose what exactly did occur at Orlando Ramirez-Ortiz's sentencing hearing. Otherwise, Petitioner is requesting to the Honorable Judge to please facilitate the transcripts of the mentioned hearings, so Petitioner could respond in writing a valid argument which could demonstrate that the conviction was obtained through perjured testimony and that the government knew of the quality of such testimony, which will show clearly that the testimony affected Petitioner's verdict. If a hearing is granted, Petitioner asks the Honorable Judge to Subpoena the above mentioned names.

AT CATAÑO, PUERTO RICO, 13th. day of MAY, 2008.

Respectfully Submitted,

Raymond Hernandez-Albino
Reg. No. 14736-069 1B/104
MDC Guaynabo
P.O. Box 2005
Cataño, Puerto Rico 00963

## CERTIFICATE OF SERVICE

I **Raymond Hernandez-Albino,** hereby certify that on the 13th. day of May, 2008, I have served a copy of the Reconsideration motion for Relief from Judgment under Fed. R. Civ. P. Rule 60(b)(6), on the following by First Class Mail, postage prepaid to:

Jose A. Ruiz-Santiago
ASSISTANT UNITED STATES ATTORNEY
Room 452
FEDERAL BUILDING
150 Carlos Chardon St.
Hato Rey, Puerto Rico 00918

Dated: May 13, 2008.

Raymond Hernandez-Albino